James S. Brown, J.
This is an action to foreclose a purchase-money second mortgage. The mortgage contains a provision for constant monthly installments by the corporate defendant of $60 each, beginning April 25, 1958, which further provides that the whole of the principal becomes due at the option of the mortgagees immediately after default in payment of any installment on its due date, plus the grace period.
The record shows that defendant Sterling Holding Corp. defaulted, through the inadvertence of its managing agent, by failing to make a payment due on June 25, 1958 nor within the grace period of 15 days; that within 4 days following the expiration of said grace period, plaintiffs without further notice commenced this foreclosure action by filing a lis pendens on July 15,1958 and the next day caused a receiver to be appointed.
The corporate defendant now moves for an order (1) directing plaintiffs to accept the tender of the principal balance of the mortgage, accrued interest and costs; (2) directing plaintiffs to deliver to it, upon receipt of total payment, the mortgage note, mortgage, together with a duly executed and acknowledged assignment thereof in favor of this defendant or its nominee; and granting other incidental relief as prayed for.
The moving papers show that said defendant, upon being apprised of the commencement of this suit, immediately took steps to settle same by having its attorneys on July 28 and 29, 1958 offer to pay the entire mortgage balance due, together with accrued interest and statutory costs. However, all defendant’s efforts proved fruitless since plaintiffs refused to accept the offer aforesaid. The opposing papers state that “ plaintiffs are agreeable to accept all the money that is due them ” but they demand in addition a refund of the sum of $1,000 plus accrued *820 interest which they claim is due them. With respect to the $1,000 the record shows that prior to the closing of title to the subject property a title search revealed a violation thereon. In order to close, the violation (lack of a sprinkler system) had to be removed or, in the alternative, the sum of $1,000 was to be deposited in escrow to guarantee such removal. This defendant did not have such amount, and it appears that plaintiffs, the sellers, being desirous of closing, did deposit such sum in escrow on March 17, 1958 with the first mortgagee on defendants ’ assurance of removing the violation. This sum has not been repaid to the plaintiffs because the defendants have not removed the violation.
An amended supplemental complaint, which was served a day prior to the argument of this motion, differs from the original only in one respect. The original contained two causes of action which sought foreclosure; the amended supplemental complaint includes a third cause of action at law which demands the return of the said $1,000.
The proposition of tender was determined in an exhaustive and learned opinion by Davies, J., in Kortright v. Cady (21 N. Y. 343) who stated (p. 347): “ Acceptance of payment of the amount due on a mortgage, at any time before foreclosure, has always been held to discharge the incumbrance on the land; ” and continued (p. 367): “As a tender must be unqualified by any conditions, there can never be any good reason for not accepting the sum offered, whether it be offered when it is due or afterwards. By accepting the tender, the creditor loses nothing and incurs no hazard. If the sum be insufficient, the security remains. It is only by refusing, that any inconvenience can possibly arise. But, whatever may be the consequences of refusal, the creditor may justly charge them to his own folly.” The case cited found approval in Nelson v. Loder (132 N. Y. 288, 292), Cass v. Higenbotam (100 N. Y. 248, 253), and divers others.
Since the defendant is ready and willing to pay the balance due on the mortgage with interest and costs, it is entitled to an order directing the acceptance of such tender.
Accordingly, the motion is disposed of as follows:
(1) Plaintiffs are directed to accept the tender consisting of the entire principal balance due with interest to the date of payment and statutory costs. Such payments shall be made within 20 days after service of a copy of the order to be entered herein^
(2) Plaintiffs are directed to execute, acknowledge and deliver, upon receipt of the total payments due, the mortgage note and mortgage together with an assignment thereof without *821 recoursé, running in favor of defendant Sterling Holding Corp., or its nominee.
(3) Plaintiffs are directed to cancel of record the notice of pendency of action heretofore filed.
(4) The receiver is directed to settle his accounts and apply for his discharge and cancellation of bond.
(5) The first two causes of action in the supplemental complaint will then be dismissed and the issues of the third cause of action shall proceed as an action at law.
Settle order on notice.