■ JAMAICA SAVINGS BANK, Appellant, v. ALBERT I. COHAN et al., Respondents, et al., Defendants.— In an action to foreclose a real property mortgage, plaintiff appeals from an order of the Supreme Court, Queens County, dated December 9, 1971, which determined cross motions of plaintiff and defendants Cohan, inter alia, to confirm in part and disaffirm in part a Referee's report. Order modified by (1) striking out subdivision (2) of the first decretal paragraph thereof and substituting a provision that the interest rate to be computed is 6% for the period June 1, 1970 to July 1, 1970 and 7½% thereafter until the entry of judgment; (2) striking from the second decretal paragraph thereof everything following the names of defendants Cohan and substituting therefor the following: "are entitled under the assignment of rents to the application by plaintiff of the net rents as received to the payment of accrued interest and the reduction of the balance of the mortgage debt and by disaffirming findings designated THIRD (g), (h), (i) and (j); and it is further"; and (3) striking out the fourth and fifth decretal paragraphs thereof. As so modified, order affirmed, without costs. In our opinion, plaintiff is not entitled to payment of attorney's fees in connection with this action. Under paragraph 18 of the mortgage, defendants Cohan undertook to pay plaintiff "all sums that may be advanced or liability for which may be incurred by the mortgagee, including reasonable attorney's fees, either to remedy default by mortgagor or to defend or preserve the rights and liens created by said bond or note, mortgage and any extension agreement". An action to foreclose a mortgage is not one "to remedy default by the mortgagor" under paragraph 18. Such an action is directed at the satisfaction of the mortgage debt and in design is broader than the obtaining of compensation for the mortgagee for its payment of sums which the mortgagor should have paid under the mortgage. Nor is the foreclosure action at bar one in which the mortgagor seeks to "defend or preserve the rights

and liens" created by the note and mortgage. That language contemplates acts by the mortgagee undertaken to sustain the secured relationships of the mortgagor and mortgagee; it does not envision acts in foreclosure undertaken to terminate that relationship. With respect to the rents received by plaintiff under the assignment given by defendants Cohan at the time of their execution of the note and mortgage, we construe the assignment to require plaintiff's application of the net rents to the mortgage indebtedness, for, though plaintiff was given discretion in the order or priority of the application of those funds, the assignment did not give plaintiff any discretion with respect to the time of their application. (Cf. *Womans Hosp.* v. *Sixty-Seventh St. Realty Co.*, 265 N. Y. 226, 231.) With respect to the interest chargeable after the Cohan defendants' default on June 8, 1970, the order under review failed to award any interest to plaintiff for June, 1970 and should have made provision for such interest at the rate fixed by the note which was deemed acceptable by plaintiff. As for the interest rate applicable to the unpaid principal from July 1, 1970, the legal rate and not that fixed by the note should be used in computing the Cohan defendants' liability. The note at bar, similar to that in *Ferris* v. *Hard* (135 N. Y. 354, 365), does not provide that, until the principal is paid, the interest rate is 6%. (See *Stull* v. *Feld*, 34 A D 2d 655.) Last, by the fourth and fifth decretal paragraphs Special Term granted defendants Cohan leave, pursuant to CPLR 3219, to deposit with the clerk of the court the amount found due to plaintiff and, upon defendants Cohan making of the deposit, directed plaintiff to execute a stipulation of discontinuance of the action, a cancellation of the notice of pendency of the action, and a satisfaction of the mortgage. CPLR 3219, however, does not empower the court to grant leave to a party to make a deposit after all triable issues have been determined. Hence, we strike out those decretal paragraphs. Of course, the inapplicability of CPLR 3219 to the factual situation here will not bar defendants Cohan, as owners of the equity of redemption, from redeeming at any time prior to the actual foreclosure sale upon tendering the sums due as specified in this memorandum (*Belsid Holding Corp.* v. *Dahm*, 12 A D 2d 499; *Mann* v. *Sterling Holding Corp.*, 14 Misc 2d 818). Hopkins, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.