■ BEACON FEDERAL SAVINGS AND LOAN ASSOCIATION, as Successor by Merger to HUDSON VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v MORTON I. MARKS et al., Defendants, and R. J. G. PROPERTIES, INC., Appellant. — In a mortgage foreclosure action, R. J. G. Properties, Inc. (RJG), appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated June 4, 1982, which, *inter alia,* struck its answer and affirmative defenses and granted plaintiff's motion for summary judgment. Order affirmed, with $50 costs and disbursements. In 1974, plaintiff's predecessor, Hudson Valley Federal Savings and Loan Association (Hudson Valley), made a commitment to finance the construction of a 110-unit condominium project and provide mortgages to individual buyers of units as they were sold. In 1977, when the

sponsors of the project were unable to sell all the units, Hudson Valley permitted them to assume title to certain units as a partnership, M & G Associates (M & G), for the purpose of making the units available to renters with an option to buy. Accordingly, M & G executed two mortgages on Unit 700 D, the property in question here, and the mortgages and an agreement consolidating these mortgages were recorded in the county clerk's office. Sometime prior to May, 1981, one Rocco Gallo doing business as Dun-Rite Painting Co. (Dun-Rite) commenced an action against M & G to recover the sum of $185,000 for labor and materials furnished by Dun-Rite for the condominium project. The case was settled by stipulation which provided, *inter alia,* that M & G would convey Unit 700 D to Dun-Rite. Plaintiff was not a party to this stipulation. When M & G conveyed Unit 700 D to RJG, Dun-Rite's designee, without plaintiff's prior consent, plaintiff notified M & G (and RJG) of its intent to accelerate the mortgages pursuant to the "due-on-sale" clause contained in the mortgage instruments, commenced foreclosure proceedings, and moved for summary judgment. In *Fidelity Fed. Sav. & Loan Assn. v De la Cuesta* (__ US __, __, 102 S Ct 3014, 3023) the United States Supreme Court upheld the validity and enforceability of due-on-sale clauses subject to only four "limitations" specified in 7 CFR 545.8-3 (g), namely, a subordinate lien, a purchase-money security interest for appliances, a transfer on the death of a joint tenant and a leasehold of not more than three years with no option to purchase. Although RJG alleged, in opposition to the motion for summary judgment, equitable ownership of the property and fraud on the part of plaintiff and M & G, it offered no proof to substantiate these allegations nor to refute plaintiff's evidence that M & G had signed the mortgages; that they had been recorded; that they had contained enforceable due-on-sale provisions; that Unit 700 D had been transferred without prior consent; and that plaintiff had duly exercised its option to accelerate the mortgages. In order to defeat a motion for summary judgment, it is incumbent upon the opponent to present evidentiary facts sufficient to raise a triable issue; mere averments stating conclusions of fact and law are insufficient (*Friedman v Chemical Constr. Corp.,* 43 NY2d 260; *Mallard Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Since RJG did not raise any triable issue of fact, the court was correct in granting plaintiff's motion (see *Zuckerman v City of New York,* 49 NY2d 557). Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.