■ DOLORES BARTAL, Appellant, v STEVEN BARTAL, Respondent. — In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Rockland County (Walsh, J.), entered May 23, 1983, which denied her motion to, in effect, reargue a prior motion for *pendente lite* relief. Appeal dismissed, without costs or disbursements. No appeal lies from an order denying reargument (*Frankel v Frankel,* 67 AD2d 719). Although plaintiff denominated her motion as one seeking renewal and reargument, no new facts were presented. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.

■ BEACON FEDERAL SAVINGS AND LOAN ASSOCIATION, as Successor by Meger to HUDSON VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v MORTON I. MARKS et al., Defendants, and R. J. G. PROPERTIES, INC., Respondent. — In a mortgage foreclosure action, plaintiff appeals from an order of the Supreme Court, Dutchess County (Dachenhausen, J.), dated April 4, 1983, which denied its motion for leave to amend a judgment of foreclosure and sale so as to provide for an award of counsel fees. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. An award of counsel fees is to be determined by the court, consistent with its traditional and inherent authority to regulate the practice of law, on a *quantum meruit* basis (see *Matter of First Nat. Bank v Brower,* 42 NY2d 471). In the instant case, plaintiff seeks an award of counsel fees for the period subsequent to May 7, 1982 pursuant to a provision contained in the subject notes and mortgages. On a prior application pursuant to CPLR 8303 (subd [a]) plaintiff had been awarded the sum of $1,694.02 as compensation for legal services performed by its attorney from March 18, 1982 to May 7, 1982 (cf. *Hoffliss Water Corp. v Arne,* 88 AD2d 989; *Tucker v Toia,* 64 AD2d 826). Special Term denied plaintiff's present application as untimely because it found that plaintiff had not made such application when it had previously moved for summary judgment in this mortgage foreclosure action or when it submitted a proposed judgment of foreclosure and sale. We disagree. In view of the fact that the fees which plaintiff now seeks are for services rendered on its prior appeal to this court (*Beacon Fed. Sav. & Loan Assn. v Marks,* 91 AD2d 1010), such application is timely inasmuch as plaintiff could not have sought or been awarded payment any earlier than the time at which such services were rendered. We note that the plaintiff moved for leave to amend the judgment of foreclosure and sale one and one-half months after entry of the order of this court on the prior appeal. The order appealed from is, therefore, reversed and the matter remitted to Special Term for a determination of the counsel fees to be awarded to plaintiff. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.