■ YVETTE FEINSTEIN, Appellant, v TRAVIS S. LEVY, Respondent, et al., Defendants.—In an action to foreclose a mortgage on real property, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Burchell, J.), entered May 3, 1985, as denied her motion for summary judgment on the ground that the defenses asserted in the answer are invalid as a matter of law.

Order reversed insofar as appealed from, on the law, with costs, motion granted, and matter remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment.

On May 5, 1972, the respondent, a former attorney, executed a note and mortgage for $50,000 to the plaintiff in return for the plaintiff's conveyance to him of a one-tenth interest in the same property which secured the respondent's

note. Thereafter, the respondent made some 40 payments on the obligation to the plaintiff. In 1977, after the respondent had defaulted, the plaintiff gave the respondent a "Certificate of Reduction" in exchange for an estoppel certificate and the respondent continued to make payments until he defaulted again in September, October and November 1981. In December 1981 the plaintiff commenced this foreclosure action by service of a summons and complaint. The respondent's answer raised seven affirmative defenses, and two counterclaims. Six of the affirmative defenses and the counterclaims refer back to 1972 and 1977, and allege, *inter alia,* economic duress and fraud. The remaining affirmative defense alleges that interest payments were made and accepted after the instant action was commenced. The respondent's supporting papers make no further mention of this defense.

The plaintiff moved for summary judgment on the ground that the respondent's defenses were invalid as a matter of law and the respondent cross-moved for summary judgment on his affirmative defenses and counterclaims. Special Term denied both motions.

Special Term erred in denying the plaintiff's motion for summary judgment. CPLR 3211 (b) permits a defense to be dismissed on the ground that a defense is not stated or has no merit. "In order for a defendant to successfully oppose a motion for summary judgment he must show that ' "he has a *bona fide* defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof" ' *(Di Sabato v Soffes,* 9 AD2d 297, 300)" *(Kaye v Keret,* 89 AD2d 885, 886).

In this case, the facts establish that the respondent had full knowledge of the mortgage and of all the material facts surrounding it. His actions in regard to the obligation during the nine years that followed its execution are inconsistent with repudiation and constitute acquiescence and assent to it. The respondent is equitably estopped from impeaching it although it may have been void or voidable originally *(see, Rothschild v Title Guar. & Trust Co.,* 204 NY 458, 464). He presented no evidentiary facts sufficient to raise a triable issue in regard to his defense that he paid and the plaintiff accepted interest payments after the action was commenced. It was incumbent upon him to do so in order to defeat a motion for summary judgment *(see, Beacon Fed. Sav. & Loan Assn. v Marks,* 91 AD2d 1010, 1011). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.