■ VARDY HOLDING Co., Appellant, v METRIC RESALES, INC., Respondent, et al., Defendants. (Action No. 1.) VARDY HOLDING Co., Appellant, v METRIC RESALES, INC., Respondent, et al., Defendants. (Action No. 2.) VARDY HOLDING Co., Appellant, v METRIC RESALES, INC., Respondent, et al., Defendants. (Action No. 3.)—In three mortgage foreclosure actions, the plaintiff appeals from so much of three judgments of the Supreme Court, Suffolk County (Lama, J.), all entered January 14, 1986, as denied its applications for awards of attorneys' fees.

Ordered that the judgments are affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court, Suffolk County, that the

plaintiff was not entitled to an award of attorneys' fees in the judgments of foreclosure. In this case, the mortgages provided, in pertinent part, for the award of attorneys' fees in actions other than to foreclose the mortgages. The promissory notes evidencing the underlying obligations provided, in relevant part, for attorneys' fees to be awarded "[i]f this note be not paid when due". "That provision in the note[s] is not the equivalent of an obligation to pay reasonable counsel fees in an action to foreclose a mortgage" *(see, Lipton v Specter,* 96 AD2d 549, *lv denied* 61 NY2d 608). Accordingly, the applications for attorneys' fees in these foreclosure proceedings were properly denied. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.