(June 29, 1989)

■ MARK COOPER, Appellant, v KEITH GREENBERG et al., Respondents.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered on June 9, 1988, which denied plaintiff-appellant's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, and the motion granted, with costs.

Defendants-respondents executed the subject recourse note

for payment of money only, in connection with a public offering of stock in Advanced Marketing Technologies, Inc. (Amtech), a corporation of which defendant-respondent Keith Greenberg was president and a major stockholder. Plaintiff-appellant Mark Cooper introduced Keith Greenberg to an underwriter which subsequently sponsored a public offering that produced $4 million of capital for Amtech.

While it is disputed in the record how the note at issue, with an initial principal amount of $325,000, came to be executed, respondents did make eight scheduled payments on the note, totaling $90,000. Respondents now seek to avoid further payments on the note on the grounds that it was executed without consideration and under duress. The IAS court held that there were factual issues whether respondents were estopped from asserting the defenses of lack of consideration and duress. We disagree. A contract executed under duress is merely voidable, not void, and can be ratified and affirmed as a matter of law by payment. *(See, Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249; *Bethlehem Steel Corp. v Solow,* 63 AD2d 611, *mot to dismiss appeal granted* 45 NY2d 837.)* We find that respondents failed to come forward with sufficient evidentiary facts to create a triable issue of fact with respect to their defense of lack of consideration. *(See, Feinstein v Levy,* 121 AD2d 499.)* Concur—Murphy, P. J., Kupferman, Carro, Milonas and Smith, JJ.