■ KIBBUTZ GIVAT BRENNER, Appellant, v DANIEL ALROY, Respondent.—Order of the Supreme Court, New York County (Harold Baer, J.), entered on April 12, 1990, which denied plaintiff's motion for partial summary judgment and granted defendant's cross-motion for summary judgment dismissing the complaint, is unanimously reversed on the law, defendant's cross-motion denied, plaintiff's motion for partial summary judgment granted, and the matter remanded for an inquest, with costs and disbursements.

Plaintiff Kibbutz Givat Brenner is an Israeli cooperative which entered into an agreement with defendant Daniel Alroy, a New York resident, pursuant to which he was to develop a unique computer system to be manufactured and marketed by plaintiff. The contract expressly provided that plaintiff possessed an unrestricted right to terminate the arrangement at various points in time and obtain the return of its $250,000 payment to Alroy. Defendant's financial obligation in that respect was secured by his delivering to plaintiff the mortgage on certain real property located in Manhattan which was owned by him and his company, Computer Publications, Inc., as well as a note for that amount. Moreover, according to the subject contract between the parties, in the event that defendant failed to repay the $250,000, he would be liable for all reasonable expenses to plaintiff, including attorneys' fees, incurred in connection with the enforcement of its

rights under the agreement, specifically an action on the note or a mortgage foreclosure proceeding. Plaintiff did, in fact, subsequently choose to terminate the contract, but when its demand for return of the money was ignored, it was compelled to institute a lawsuit. A judgment of foreclosure and sale was thereafter entered in the amount of approximately $514,000, and the property was ultimately auctioned and purchased by plaintiff.

The instant action was commenced under the agreement and note to recover attorneys' fees, costs and disbursements incurred in the course of the mortgage foreclosure proceeding. In that regard, the Supreme Court denied plaintiff's motion for partial summary judgment and granted defendant's cross-motion for summary judgment dismissing the action, concluding that since the mortgage itself did not authorize an award of counsel fees, and such fees are not available in the absence of a statute allowing them or a contract to that effect by the parties, the parties herein had never agreed to attorneys' fees. However, the parties certainly did agree that plaintiff would be entitled to recover any legal costs and other disbursements expended during a mortgage foreclosure proceeding. Unlike the situation in the cases cited by the Supreme Court *(see, Lipton v Specter,* 96 AD2d 549; *Jamaica Sav. Bank v Cohan,* 38 AD2d 841; *see also,* RPAPL 1301 [3]; 1371 [3]), wherein the plaintiffs could have obtained the relief sought in the underlying actions, plaintiff is not endeavoring to collect attorneys' fees as part of a deficiency judgment on the mortgage. Rather, it is attempting to procure payment pursuant to an independent obligation set forth in the agreement between the parties *(see, GIT Indus. v Rose,* 94 AD2d 714, *affd* 62 NY2d 659). Since the subject contract expressly provided for recovery of counsel fees in a mortgage foreclosure proceeding, and the mortgage itself did not permit an award for such fees, thereby precluding plaintiff from procuring this relief in the foreclosure proceeding, plaintiff is clearly entitled to the attorneys' fees and other disbursements specified in the underlying agreement. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.