OPINION OF THE COURT
John W. Grow, J.
Each of the within actions, denoted Action 1, Action 2, and Action 3, is a foreclosure of a real estate mortgage. In each case the mortgagors defaulted; the defendant banking institutions made limited appearances.
Each case has proceeded to submission of a proposed judgment of foreclosure; in each case plaintiff is represented by Shapiro & Kreisman, Esqs. That firm requests reasonable attorneys’ fees, chargeable to the respective mortgagors, for foreclosure legal services in representing each mortgagee. The first issue presented is the entitlement to those fees.
The firm is a multi-State entity representing approximately 600 lenders throughout the United States. These actions originate from its Rochester, New York office. The managing attorney at that office avers he has been responsible for each of these actions. He was admitted to practice law in this State in 1982, was briefly a clerk at the Appellate Division, Fourth Department, and, prior to his current employment, had experience at a large and respected Buffalo law firm where he specialized in commercial transactions, mortgage foreclosures, and bankruptcies as related to foreclosures. Obviously a qualified and experienced counsel in the field of real estate foreclosure actions his fee request in each case is accompanied by his affirmation, under the penalty of perjury, that the mortgage instrument authorizes reasonable attorneys’ fees to plaintiff’s counsel. The clause relied on in Actions 1 and 2 is paragraph 15. That clause, entitled "Protection of Lender’s Security”, states: "That upon any default by the Mortgagor in the *618 compliance with, or performance of, any of the terms, covenants or conditions of this mortgage or of the bond secured hereby, the Mortgagee may at its option remedy such default, and that all payments made by the Mortgagee to remedy a default by the Mortgagor as aforesaid including reasonable attorneys fees and the total of any payment or payments due from the Mortgagor to the Mortgagee and in default, together with interest thereon at the rate set forth in the bond secured thereby shall be added to the debt secured by this mortgage and shall be repaid to the Mortgagee upon demand. Any such sum and the interest thereon shall be a lien on the premises, prior to any other lien attaching or accruing subsequent to the lien of this mortgage.” The clause relied upon in Action 3 is paragraph 14; the wording of that clause is substantially identical to paragraph 15, supra.
In general, attorneys’ fees are only recoverable if there exists a statutory provision or an agreement between the parties providing for such payment. (Matter of Green [Potter] 51 NY2d 627; Norstar Bank v Stradford, 125 AD2d 298.) The only statutory provisions providing for "fees” in mortgage foreclosure actions are CPLR articles 80-83, and these sections set forth allowable costs, disbursements and allowances. Clearly, to be entitled to attorneys’ fees there must be an agreement obligating the mortgagors to pay such fees, and in the absence of same, attorneys’ fees may not be awarded by a court as part of the total amount due on the mortgage. (Vardy Holding Co. v Metric Resales, 131 AD2d 564.)
Applying these principles to the instant cases, paragraphs 14 and 15 are specifically directed to remedy a default by the mortgagors which the mortgagee remedies in order to protect its security interest. The situation is similar to Vardy (supra), which case held that a provision permitting attorneys’ fees to protect the lien of the mortgagee did not justify an allowance of legal fees in a foreclosure action. (Lipton v Specter, 96 AD2d 549; cf., Community Sav. Bank v Shaad, 105 AD2d 1063; Federal Land Bank v Handschuh, 125 Misc 2d 686.) As conceded by counsel in a court-directed memorandum of law, the language in the instant paragraphs is insufficient to create an express agreement authorizing the court to allow reasonable attorneys’ fees.
The request for attorneys’ fees in each action is denied, as is counsel’s request for a discretionary allowance. (CPLR 8303.) Were there language allowing attorneys’ fees the court would require evidence, in admissible form, that the requested fees *619 are at least equal to the fee being billed the mortgagee, for to burden mortgagors with a fee greater than that billed counsel’s client (the mortgagee) would constitute an unjust enrichment.
The second issue is whether sanctions should be imposed for requesting counsel fees when it is acknowledged that such fees were unwarranted. Part 130 of the Uniform Rules for Trial Courts (22 NYCRR) permits a court, in its discretion in civil cases and proceedings, to award costs and/or sanctions for "frivolous conduct” by attorneys or parties during litigation. The rule provides conduct is frivolous if it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law. (22 NYCRR 130-1.1 [c] [1].)
The court, in determining if sanctions are appropriate must consider, among other issues, (1) the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct; and (2) whether or not the conduct was continued when its lack of legal or factual basis was apparent or should have been apparent to counsel. (22 NYCRR 130-1.1 [c].)
Part 130, § 130-1.1 (d) provides there must be a reasonable opportunity to be heard. Counsel submitted written affirmations and the court held a hearing July 2, 1992.
The record reveals the managing attorney reviewed the foreclosure documents in each case prior to submission of a judgment for the court’s review and signing. He submits, however, that until he prepared the memorandum of law he was under the mistaken belief the mortgages permitted attorneys’ fees, and that in any event there was "no intention by myself or, I believe, my firm, in any event, to mislead the Court or try to obtain fees we weren’t entitled to”.
Counsel’s position is without merit. Prior to requesting this court for the subject fees in Action 1, another Justice of the Supreme Court rejected this counsel’s request for a fee in a Sibley foreclosure containing paragraph 15. Aware that another court had rejected that specific language, the fee request in Action 1 was made on May 7, 1992. On May 12, 1992 the court corresponded with the managing attorney requesting legal authority for the fee allowance. Counsel was again made aware of the language of paragraph 15; yet, fee requests in Actions 2 and 3 followed on May 29, 1992 and June 4, 1992. The court rejects any argument that the law firm was un *620 aware of the language or interpretation of paragraphs 14 and 15.
Based upon counsel’s expertise in the field of foreclosure law, together with the continuous conduct in seeking counsel fees with knowledge that same were unallowable, the court finds, pursuant to part 130, that there should be an imposition of sanctions. It is unfair and unjustified to mortgagors, who frequently default in foreclosure actions, to be subject to additional unwarranted counsel fees. This practice cannot be tolerated.
The sanction must be sufficient to deter such practice before this and other courts. The sanction imposed is $1,000 in Action 1, and $4,000 in each of the other two actions. The sanctions are levied against Shapiro & Kreisman, Esqs. Total payment of $9,000 shall be made to the Clients’ Security Fund within 45 days of the date of this decision and order, and the court is to be provided with proof of payment within 10 days after payment is made. (22 NYCRR 130-1.3.)