■ EIGHT TOBEY ROAD CORPORATION, Appellant, v BAASTIAN MARKESTEYN et al., Respondents, et al., Defendant. (Appeal No. 1.) [604 NYS2d 434] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly concluded that, upon payment by defendant Baastian Markesteyn (Markesteyn) pursuant to RPAPL 1341 (1), the complaint in this mortgage foreclosure action must be dismissed. Supreme Court, however, should not have permitted Markesteyn's attorney to calculate the amount due for mortgage principal, interest and the costs of the action. Therefore, we modify the order by vacating the amount due plaintiff and remit the matter to Supreme Court to determine that amount. (Appeal from Order of Supreme Court, Wayne County, Strobridge, J.—Mortgage Foreclosure.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.

■ EIGHT TOBEY ROAD CORPORATION, Appellant, v BAASTIAN MARKESTEYN et al., Respondents, et al., Defendant. (Appeal No. 2.) [604 NYS2d 434] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to foreclose a mortgage executed by defendants Baastian Markesteyn (Markesteyn) and Richard H. Lane (Lane). Defendant Jay Birnbaum (Birnbaum), the chief executive

officer of plaintiff corporation, is the holder of a mortgage on the subject property that was executed solely by Lane. That mortgage is subordinate to the mortgage that is the subject of the foreclosure action. Markesteyn interposed an answer containing a counterclaim for costs pursuant to CPLR 8303-a, a cross claim against Lane for indemnification, and a cross claim against Lane and Birnbaum alleging that they conspired to deprive him of his fee interest in the subject property.

Plaintiff thereafter moved for summary judgment dismissing the counterclaim and the cross claims asserted by Markesteyn. Plaintiff further moved for attorney's fees and costs incurred in the foreclosure action. Supreme Court denied plaintiff's motion for summary judgment dismissing the counterclaim and cross claims, directed that the counterclaim and cross claims be joined for trial with the action entitled *Birnbaum v Markesteyn,* and deferred the issue of attorney's fees until the trial of that action. Plaintiff appeals.

This Court has the power to "search the record and award summary judgment to a nonmoving party even where * * * the nonmovant did not appeal" *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111). Upon the exercise of that power, we conclude that the record establishes that there was no conspiracy between Lane and Birnbaum to deprive Markesteyn of his interest in the subject property. At Markesteyn's examination before trial, Markesteyn testified that, other than his speculative, unsubstantiated belief that a conspiracy occurred, he had no knowledge of the existence of such a conspiracy *(see, Catalano v Catalano,* 158 AD2d 570, 573, *amended* 176 AD2d 278).

Supreme Court should have granted plaintiff's motion for summary judgment dismissing the counterclaim for costs pursuant to CPLR 8303-a. That section authorizes the imposition of costs "in actions to recover damages for personal injury, injury to property or wrongful death" where the court deems the action or defense to be frivolous (CPLR 8303-a). The instant action is one to foreclose a mortgage and CPLR 8303-a is inapplicable. Furthermore, even if the statute applied to the present action, plaintiff would be entitled to dismissal of the counterclaim. Markesteyn acknowledged that the mortgage being foreclosed was in default. Thus, it could not reasonably be argued that the foreclosure action was frivolous.

Lastly, Supreme Court should have denied plaintiff's motion for attorney's fees rather than deferring that issue for resolu-

tion in other litigation involving these parties. The note and mortgage contain no provision that entitled plaintiff to attorney's fees or that obligated Markesteyn to pay those fees. Thus, it would be improper to award attorney's fees *(see, Vardy Holding Co. v Metric Resales,* 131 AD2d 564, 565; *Lipton v Specter,* 96 AD2d 549).

Therefore, we modify the order of Supreme Court by granting in part plaintiff's motion for summary judgment and dismissing the counterclaim for costs pursuant to CPLR 8303-a and the cross claim for conspiracy. We further modify the order by denying plaintiff's motion for attorney's fees. In all other respects, the order is affirmed. (Appeal from Order of Supreme Court, Wayne County, Strobridge, J.—Summary Judgment.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.