■ TOMMY CHIU, Appellant, v ASBJORN HOYDAL et al., Respondents. [668 NYS2d 948] —In an action, *inter alia*, to foreclose a mortgage, the plaintiff appeals from so much of a judgment of the Supreme Court, Richmond County (Cusick, J.), dated November 20, 1996, as awarded attorneys' fees of only $8,500.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Although the note secured by the mortgage included a provision requiring the mortgagors to pay counsel fees of 15% of all sums due in the event that the note was subject to collection, the appellant is not entitled to such a fee as a matter of law as this provision was not included in the mortgage instrument itself (*see, Vardy Holding Co. v Metric Resales,* 131 AD2d 564; *Lipton v Specter,* 96 AD2d 549; *see generally,* 2 Bergman, New York Mortgage Foreclosures § 26.01). Rather, the court correctly determined that the appellant was entitled to an award of legal fees on a quantum meruit basis, reflecting the reasonable value of the legal services provided by his attorney (*see, Chelsea/22 Assocs. v Fleissner,* 150 AD2d 212; *see, e.g., Bankers Fed. Sav. Bank v Off W. Broadway Developers,* 224 AD2d 376). The court providently exercised its discretion in its award of counsel fees, which was rendered after a hearing before a Referee.

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.

■ CARMELLA CONNOLLY, Appellant, v HARTZ MOUNTAIN INDUSTRIES, INC., et al., Respondents. [669 NYS2d 1017] —Appeal by the plaintiff from an order of the Supreme Court, Queens County (Lonschein, J.), dated April 11, 1997.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Lonschein in the Supreme Court. There is no merit to the plaintiff's remaining contentions. Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.