■ VACATION VILLAGE HOMEOWNERS' ASSOCIATION, INC., Appellant, v NORMAN MORDKOFSKY et al., Respondents. [679 NYS2d 435] —White, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered February 13, 1998 in Sullivan County, which denied plaintiff's motion for an award of counsel fees.

In February 1984, VCV Development Corporation, the sponsor of a planned unit development located in the Town of Fallsburg, Sullivan County, filed a "Declaration of Covenants, Restrictions, Easements, Charges and Liens" (hereinafter the Declaration) in the County Clerk's Office. The Declaration provides, *inter alia*, that every owner of a home in the development shall be a member of plaintiff and shall pay to plaintiff an annual assessment of charges which, if unpaid, become a lien on the home. Thereafter, in February 1986, VCV conveyed a home to defendants who, between 1993 and 1995, failed to pay $4,990 in assessments. To collect this sum, plaintiff commenced a foreclosure action against defendants and subsequently obtained summary judgment and the appointment of a Referee to compute. After the Referee computed the amount due, plaintiff moved for a judgment of foreclosure and sale. Supreme Court granted the motion, but reserved on plaintiff's application for counsel fees pending an application on notice to defendants.[1] Plaintiff followed Supreme Court's direction; however, its application for counsel fees was denied, prompting this appeal.[2]

Counsel fees may be recovered in a foreclosure action if authorized by contract (*see, Emery v Fishmarket Inn*, 173 AD2d 765; *Pregno Agency v Letterese*, 112 AD2d 1032). Such provi-

---

1. This order is subject to a separate appeal by defendants.
2. Supreme Court did grant plaintiff $1,014 in costs and disbursements. Neither party has appealed that award.

sions are strictly construed and unless the contract expressly states that counsel fees are recoverable in a foreclosure action, they are not allowed. Thus, where the contract provided that the defendant would be liable for counsel fees incurred in an action on the note or in a mortgage foreclosure proceeding, counsel fees were awarded (*see, Kibbutz Givat Brenner v Alroy*, 171 AD2d 589; *see also, Emery v Fishmarket Inn, supra*). Conversely, where the promissory note provided for counsel fees " '[i]f this note be not paid when due' ", counsel fees were not awarded as the quoted language was not deemed to be the equivalent of an obligation to pay counsel fees in a mortgage foreclosure action (*Vardy Holding Co. v Metric Resales*, 131 AD2d 564, 565; *see also, Sibley Mtge. Corp. v Sobotka*, 155 Misc 2d 616, *affd* 210 AD2d 1001).

In this instance, the Declaration provides: "If any * * * assessment shall remain unpaid * * * the Board may proceed to foreclose the lien * * * in the same manner as the foreclosure of a mortgage. In the event the Member does not pay the assessment * * * said Member shall be liable for the Association's * * * reasonable attorney's fees incurred by it incident to collection or enforcement of such lien." We conclude that this provision expressly authorizes an award of counsel fees herein since an action to foreclose a mortgage is one to enforce the lien of the mortgage (*see, Chelsea/22 Assocs. v Fleissner*, 150 AD2d 212; *see also*, 78 NY Jur 2d, Mortgages, § 411, at 264). Accordingly, we reverse.

Turning to the issue of the amount of the counsel fees to be awarded, a hearing is not required since the record is complete on this issue and defendants in their opposition to plaintiff's application did not challenge the scope of the services performed or the amount claimed (*see, Bankers Fed. Sav. Bank v Off W. Broadway Developers*, 224 AD2d 376, 378). Therefore, since our discretionary authority to award counsel fees is as broad as that of Supreme Court, we shall proceed to determine this issue (*see, O'Brien v O'Brien*, 66 NY2d 576, 590). In consideration of the applicable factors, especially the fact that much of the time spent by plaintiff's attorney was expended in response to the challenges interposed by defendants at every stage of these proceedings (*see, Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877, 879),we shall award plaintiff $5,000 in counsel fees to be paid within 90 days of the date of this decision.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs to plaintiff, motion granted and plaintiff is

awarded counsel fees in the sum of $5,000 which is to be paid within 90 days of the date of this Court's decision.