■ WARREN ELECTRICAL SUPPLY, INC., Appellant, v JOHN P. DAVIDSON et al., Respondents. [727 NYS2d 502] —Carpinello, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered May 22, 2000 in Warren County, upon a decision of the court, *inter alia*, awarding damages to plaintiff.

This is an action to recover the balance due on an account stated and, alternatively, for the reasonable value of goods sold and delivered by plaintiff to defendant Davidson Brothers Brewing, L. L. C. The parties agree that plaintiff provided Davidson Brothers with electrical supplies and services worth $23,660.30 during the construction of defendants' restaurant. The parties also agree that Davidson Brothers (and the individual defendants who guaranteed the account) are entitled to credits totaling $14,070.30 against this balance for returned merchandise and partial payments. Their disagreement concerns whether plaintiff is entitled to an award of counsel fees in this action and the appropriate interest rate to be applied to the $9,590 balance admittedly due. Citing to a business credit application signed by Davidson Brothers which provides that a service charge of 2% per month would be added to any account unpaid after its due date, plaintiff contends that a 2% monthly service charge should be imposed on this balance. Further, because this credit application provides that plaintiff is entitled to counsel fees equal to 33% of any amount due if the account is referred to an attorney for collection, plaintiff also seeks counsel fees in this regard.

After Supreme Court (Moynihan, J.) granted plaintiff partial summary judgment on the issue of liability, the issue of damages was reserved for trial. On the date set for trial, the parties agreed that the matter could be decided by the court as a matter of law after each side filed a legal memorandum in support of their respective positions. After reviewing these submittals, Supreme Court (Sheridan, J.) declined to "give legal effect" to the 2% monthly service charge finding it "shocking to the conscience of the Court," and instead applied the statutory interest rate of 9% per annum for breach of contract claims (*see*, CPLR 5001, 5004). Supreme Court also declined to award

counsel fees citing, *inter alia*, defendants' regular part payments on the account until such time as a dispute arose over the propriety of the service charge. Plaintiff appeals.

As to the issue of Supreme Court's refusal to apply the agreed-upon monthly service charge, we are constrained to disagree with its finding of unconscionability. "An unconscionable contract has been defined as one which 'is so grossly unreasonable or unconscionable in * * * light of the mores and business practices of the time and place as to be [unenforceable] according to its literal terms [citation omitted]'" (*Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10, quoting *Mandel v Liebman*, 303 NY 88, 94). "As a general proposition, unconscionability * * * requires some showing of 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party'" (*Matter of State of New York v Avco Fin. Serv.*, 50 NY2d 383, 389, quoting *Williams v Walker-Thomas Furniture Co.*, 350 F2d 445, 449 [citations omitted]).

Here, the record is devoid of any indication that a 2% monthly service charge is an abnormal business practice. It also lacks evidence that the individual defendants, presumably sophisticated business persons, and Davidson Brothers were compelled to do business only with plaintiff, thereby depriving them of a "meaningful choice" of other vendors (*Gillman v Chase Manhattan Bank, supra*, at 11). Indeed, there is no record support for any of the traditional elements required to establish an unconscionable contract, but for the fact that the service charge is set forth in fine print in the credit application (*see, id.*). In the absence of any proof of high-pressure sales tactics by plaintiff, inexperience of defendants or any disparity in bargaining power between the parties (*see, id.*), Supreme Court erred in its finding that the agreed-upon service charge was unconscionable as a matter of law. In any event, service charges, payable after a default or upon the maturity of an obligation, have long been upheld principally because the obligor can always avoid the imposition of such charges simply by paying promptly (*see, Bloom v Trepmal Constr. Corp.*, 29 AD2d 951, *affd* 23 NY2d 730 [2% per month late charge imposed after default found to be valid and enforceable]; *see also, Heelan v Security Natl. Bank*, 73 Misc 2d 1004, 1008).

We are similarly compelled to disagree with Supreme Court's decision not to award any counsel fees to plaintiff. In the absence of any showing that defendants were "commercially illiterate consumer[s] beguiled into a grossly unfair bargain by a deceptive vendor" (*Equitable Lbr. Corp. v IPA Land Dev. Corp.*,

38 NY2d 516, 523), the court had no basis for refusing an award of said fees. As limited by its brief on appeal, plaintiff only seeks an award of reasonable counsel fees. "[S]ince our discretionary authority to award counsel fees is as broad as that of Supreme Court" (*Vacation Vil. Homeowners' Assn. v Mordkofsky*, 254 AD2d 650, 651, *lv denied* 93 NY2d 920), in lieu of remittal, we award plaintiff $1,500 in counsel fees.

Peters, J. P., Spain and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded interest at the rate of 9% per annum and as declined to award counsel fees; interest should be calculated at the rate of 2% per month as set forth on exhibit B to plaintiff's memorandum of law filed with the Supreme Court, said service charge to be imposed only up until the date of the entry of the judgment appealed from, and counsel fees of $1,500 awarded to plaintiff; and, as so modified, affirmed.