■ MARY LEVINE, Respondent, v INFIDELITY, INC., et al., Appellants, et al., Defendant. [728 NYS2d 670] —In an action to foreclose a mortgage, the defendants Infidelity, Inc., and Richard B. Nye appeal from (1) an order of the Supreme Court, Suffolk County (Dunn, J.), dated February 8, 2000, which granted the plaintiff's motion for leave to reargue their prior motion for summary judgment dismissing the complaint insofar as asserted against them and the plaintiff's cross motion for summary judgment, and, upon reargument, denied their motion for summary judgment and granted the plaintiff's cross motion for summary judgment on the complaint, and (2) an amended order of reference of the same court, dated June 13, 2000, naming a substitute referee to compute.

Ordered that the appeal from the amended order of reference dated June 13, 2000, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated February 8, 2000, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court properly granted the plaintiff's motion for summary judgment upon reargument. Pursuant to paragraphs 7 and 13 of the mortgage, the plaintiff was entitled to declare the defendants Infidelity, Inc., and Richard B. Nye (hereinafter the mortgagors) in default, and to accelerate payment under the note when the mortgagors demolished the existing structure on the property without the plaintiff's consent. It is well settled "that a mortgagor is bound by the terms of his [or her] contract * * * and cannot be relieved from his [or her]. default * * * in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183; *Ferlazzo v Riley,* 278 NY 289, 292). Here, the mortgagors failed to demonstrate any basis for preventing the plaintiff from enforcing the terms of the mortgage.

The appellants' remaining contentions are without merit. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.