OPINION OF THE COURT
John W. Grow, J.
Plaintiff, Manufacturers & Traders Trust Company, as trustee, hereinafter bank, brings this action to foreclose a real property mortgage on premises owned by defendants Dougherty after their default in principal and interest payments. All defendants defaulted in appearing or answering the bank’s complaint. The appointed referee determined the mortgage balance to be $81,871.41. The mortgage provides that in the *366 event of foreclosure the bank has the right to add “all reasonable attorneys’ fees to the amount I owe.” This clause constitutes the genesis of this decision.
The bank’s counsel, Sheldon May & Associates, P.C., by Ted Eric May, Esq., submits an affirmation wherein he requests legal fees at a rate of $200 per hour, totaling $6,160, including a minimum of 10.4 hours of anticipated additional services prior to the finalization of this foreclosure action. There is also a request for an additional allowance of $300 pursuant to CPLR 8303 (a) (1).
The court corresponded with Mr. May stating that before the fee request could be considered it needed to know whether counsel had an agreed fee with the bank for foreclosure actions and, if not, an affirmation that the bank would be billed a sum at least equal to the requested fee. The court noted it does not allow the discretionary allowance when counsel fees are awarded because to do so would constitute a windfall. Mr. May responded that his firm bills the bank a flat fee of $1,250 plus costs and disbursements, since the bank refers a volume of business to the firm.
The court inquired why the defaulting mortgagors should be charged $4,910 more than the bank would be billed. Counsel responded that even though the firm gives a “discount” to the bank, that discount should not inure to defendants. This rationale was rejected by the court which, sua sponte, scheduled a sanction hearing to determine whether or not counsel had asserted material factual statements that are false. (See 22 NYCRR 130-1.1 [c] [3].)
Ted Eric May appeared at the hearing and was represented by his brother, Mitchel K. May, Esq., a member of the firm. Ted Eric May testified he obtained his law degree from Nova Southeastern University in Florida and was admitted to practice in this state in 1997. Since he has been employed at Sheldon May & Associates, P.C., he has processed some 200 foreclosure actions. He further testified he does much of his own “typing,” accounting for many of the hours billed at the attorney’s hourly rate aforementioned. He contends that as an “officer of the court” he did not make material misrepresentations concerning the $6,160 fee request because the failure to recite the agreed fee of $1,250 was a mere omission, and that as soon as the court made inquiry he “told the truth right away.” As additional support for his position that he made no material misrepresentations, he testified “I’m not asking for a fee other than what I’ve arranged with my client. My client *367 consented to this fee [$6,160] in the event there’s a third-party purchaser or the defendant reinstates, whatever pays off the mortgage. So I’m not asking for any fee my client didn’t agree to.”
Discussion
An award of counsel fees is to be determined by the court on a quantum meruit basis, consistent with its traditional and inherent authority to regulate the practice of law. (See Matter of First Natl. Bank v Brower, 42 NY2d 471; Beacon Fed. Sav. & Loan Assn. v Marks, 97 AD2d 451, lv dismissed 60 NY2d 560.) Further, attorneys’ fees cannot be awarded earlier than the time such services are rendered. (Beacon Fed. Sav. & Loan Assn. v Marks, supra.) Granted that while the mortgage contains a clause entitling the bank to recover reasonable attorneys’ fees, the fees must be based on similar hourly rates charged at the location of the mortgaged premises regardless of the rates allowable where counsel’s office is located. In the instant case the mortgaged premises is located in the Mohawk Valley while counsel’s office is located on Long Island.
The court finds Mr. May’s explanations are not credible. His affirmation made under the penalties of perjury in which he requests a legal fee of $6,160 does indeed assert material factual statements that are false. He made the affirmation knowing the agreed fee was $1,250. The court also finds specious the argument that false material facts were never intended because it was a “ministerial clerical error” to omit the agreed fee from the affirmation. Had the court not inquired, the agreed fee would never have been disclosed.
It is unfair and unjustified that mortgagors who, for whatever reasons, default in foreclosure actions be subject to unwarranted counsel fees. (See Sibley Mtge. Corp. v Sobotka, 155 Misc 2d 616, affd 210 AD2d 1001.) There is also no basis in law or equity that excess fees be awarded should a third party be a purchaser at the foreclosure sale. The bank is therefore awarded $1,250, as and for counsel fees in this action.*
The court takes no pleasure in exercising its sanction powers. However, in this case a sanction is required because of the egregious discrepancy between the agreed fee and the fee requested. Ted Eric May, Esq. is sanctioned $1,500, which *368 shall be deposited with the Lawyers’ Fund for Client Protection within 45 days of the date of this decision and order. (22 NYCRR 130-1.3.) The court is to be provided with proof of payment within 10 days thereafter.

 Were the court to determine counsel was entitled to fees based upon an hourly rate, it would decline to award fees of $200 per hour as excessive. The anticipated additional 10.4 hours to complete the foreclosure would also be disallowed since the services have yet to be performed.