■ MARY LEVINE, Respondent, v INFIDELITY, INC.; et al., Appellants. [770 NYS2d 83]—

In an action, inter alia, to recover an attorney's fee, the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated July 22, 2002, and a "corrected" order of the same court dated August 15, 2002, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7), and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the appeal from the order dated July 22, 2002, is dismissed, as that order was superseded by the order dated August 15, 2002; and it is further,

Ordered that the order dated August 15, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff sold a parcel of Southampton beachfront property in 1996 to the defendant Infidelity, Inc., and took back a

mortgage note and a mortgage. The plaintiff also received a personal guaranty from the defendant Richard B. Nye, the president and sole owner of Infidelity, Inc.

Infidelity, Inc., later breached a provision in the mortgage prohibiting the destruction of buildings without the plaintiff's consent. As a result of the breach, the plaintiff commenced a mortgage foreclosure action against Infidelity, Inc., and Nye and succeeded in that action (*see Levine v Infidelity, Inc.*, 285 AD2d 629 [2001]). On the basis of separate provisions in both the mortgage note and the guaranty, the plaintiff commenced the instant action to recover the legal fees and expenses she incurred in the mortgage foreclosure action. The Supreme Court denied the defendants' motion to dismiss the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability. We affirm.

An attorney's fee is merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Norstar Bank of Long Is. v Stradford*, 125 AD2d 298, 299 [1986]). Since there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized. Thus, an attorney's fee may be recovered in the mortgage foreclosure action itself if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action (*see Vardy Holding Co. v Metric Resales*, 131 AD2d 564, 565 [1987]; *Lipton v Specter*, 96 AD2d 549 [1983]; *Jamaica Sav. Bank v Cohan*, 38 AD2d 841 [1972]; 2 Bergman, New York Mortgage Foreclosures § 26.01 [1]; *but see Chiu v Hoydal*, 248 AD2d 426 [1998]). It is also recoverable in a separate action, such as the one at bar, where recovery of the fees incurred in the mortgage foreclosure action are specifically authorized by separate contract (*see Kibbutz Givat Brenner v Alroy*, 171 AD2d 589 [1991]).

In the case at bar, the mortgage document did not include a provision for the payment of an attorney's fee in foreclosing the mortgage. However, the mortgage note given by Infidelity, Inc., in exchange for the mortgage provides, "in the event of a default under the mortgage securing this note . . . the Maker shall pay all costs of collection including . . . attorneys fees." The guaranty of the mortgage signed by Nye provides that the guarantor will reimburse all costs including attorneys' fees incurred in the enforcement of the guarantee "in any litigation (including mortgage foreclosure)." Thus, because the mortgage note and the personal guaranty of the mortgage each specifi-

cally provide for the maker and the guarantor to pay the costs of foreclosure of the mortgage, including an attorney's fee (*see Kibbutz Givat Brenner v Alroy, supra*), the plaintiff's recovery of an attorney's fee for the foreclosure of the mortgage is contractually authorized in this separate proceeding.

Accordingly, the Supreme Court properly determined that the attorney's fee obligation contained in the separate contracts entered into by the defendants promising to pay the costs incurred by the plaintiff were she to foreclose on the mortgage, including the payment of the plaintiff's attorney's fee incurred in the foreclosure action, is enforceable in this action on those separate contracts (*see Kibbutz Givat Brenner v Alroy, supra*).

The defendants' remaining contentions are without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.