OPINION OF THE COURT
Joseph D. McGuire, J.
*839 Before the court is an ex parte application for a judgment of foreclosure and sale, including a request for approval of attorneys fees for counsel to the mortgagee.
The court has considered the proposed judgment of foreclosure and sale and all prior submitted documents, including an exhibit that contains the note and the mortgage. No defendants have appeared in opposition.
A referee was previously appointed by the court. The report of the referee indicates a balance due plaintiff as of January 1, 2009 in the total amount of $77,557.92. Plaintiffs counsel has requested approval for costs in the amount of $1,370. Plaintiffs counsel also seeks reasonable attorneys fees.
As a general rule, counsel fees are recoverable in a foreclosure action if the agreement authorizes them (Emery v Fishmarket Inn of Granite Springs, 173 AD2d 765 [1991]; see Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]). There is a difference between an agreement to pay such fees contained in the mortgage document on foreclosure and the agreement to pay such fees in the promissory note (see Vardy Holding Co. v Metric Resales, 131 AD2d 564 [1987]; Lipton v Specter, 96 AD2d 549 [1983], lv denied 61 NY2d 608 [1984]).
No authority for the attorneys fees in the mortgage has been cited by counsel, and the court has been unable to locate one in the submitted exhibit. The mortgage references, “In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law,” but that clause only relates to costs, and attorneys fees are not included as a cost permitted by the statute. An additional sentence in the mortgage specifically stating counsel fees are recoverable is needed. (See e.g. Federal Land Bank v Handschuh, 125 Misc 2d 686 [1984].) Use of the general term “costs” does not act as specific authority for an award of legal fees, though it is sufficient for collection of other costs of litigation.
The note does state an obligation on the part of the mortgagor for costs and expenses in enforcing payment of the note, and “[t]hose expenses include, for example, attorney fees.” Such a clause in the mortgage would cure the infirmity. However, the matter before the court is not a suit on the note, but is rather a foreclosure of the security instrument, in which case the language of the note is not equivalent to an obligation to pay the legal fees in the mortgage foreclosure action, and authority in the note is not considered the same as authority in the mortgage (see Vardy Holding Co., 131 AD2d 564 [1987]; Lipton, *840 96 AD2d 549 [1983]; Eight Tobey Rd. Corp. v Markesteyn, 198 AD2d 865 [4th Dept 1993]).
The amount of fees requested is reasonable considering the type of action, the lack of novelty of the issues, the experience of counsel, the time expended, and all other factors that the court uses in determining reasonableness of attorneys fees. However, the court does not have authority to direct payment of such legal fees absent the authorizing language in the security document.
Plaintiff is still permitted, however, to proceed to collect attorneys fees by way of a separate action on the note, as a separate contractual document (Levine v Infidelity, Inc., 2 AD3d 691 [2003], lv dismissed 3 NY3d 656 [2004]; Kibbutz Givat Brenner v Alroy, 171 AD2d 589 [1991]; see also Vacation Vil. Homeowners’ Assn. v Mordkofsky, 254 AD2d 650 [1998]).
The application for a judgment of foreclosure and sale is granted, but the application for attorneys fees is denied.