OPINION OF THE COURT
William B. Rebolini, J.
On May 10, 1993 the defendant, an attorney, was duly appointed as a small claims arbitrator pursuant to the rules set forth in 22 NYCRR 212.41 (m). As an arbitrator the defendant was statutorily empowered to hear and determine small claims controversies (22 NYCRR 212.41 [m] [3], [5]). On the night in question the defendant, acting in his capacity as an arbitrator, heard a small claims controversy involving the plaintiff upon which he rendered an award. The action at bar *457 is based upon the plaintiffs apparent dissatisfaction with the award.
Presently, the defendant moves to dismiss the small claims complaint upon several grounds under CPLR 3211 (a). The first ground posited by the defendant is that he is not liable for damages in a civil action based upon his acts as an arbitrator under the doctrine of judicial immunity. The court agrees. The function of an arbitrator in a small claims proceeding is judicial in nature. Although the rules provide that the arbitrator is not bound by evidentiary rules (22 NYCRR 212.41 [m] [3]), all testimony is given under oath and the decision of the arbitrator is final and no appeal lies from the award (22 NYCRR 212.41 [m] [2]). The parties to the controversy must consent to arbitration (22 NYCRR 212.41 [m] [2]). It is uncontroverted that the plaintiff consented to arbitration in the small claims proceeding.
Since the arbitrator acts as an extension of a District Court Judge he is protected by the same immunities afforded to a Judge. Such immunities are necessary to assure that the arbitrator can perform his functions without harassment or intimidation as a result of liability for damages in civil actions (Butz v Economou, 438 US 478). Only where the arbitrator has acted in the "clear absence of all jurisdiction” can he be subject to liability (see, Colin v County of Suffolk, 181 AD2d 653, 654, lv denied 80 NY2d 756). In the court’s opinion the plaintiff has wholly failed to demonstrate that the defendant acted in the clear absence of all jurisdiction. Hence, the small claims complaint cannot survive the motion to dismiss.
Accordingly, the motion is granted.