■ MANUFACTURERS & TRADERS TRUST COMPANY, as Trustee for Securitization Series 1999-2, Agreement Dated 3/1/99, Plaintiff, v RUSSELL P. DOUGHERTY et al., Defendants. TED ERIC MAY, ESQ., Appellant; JOHN W. GROW, Respondent. [782 NYS2d 477]—

Appeal from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered August 15, 2002. The order imposed a sanction in the amount of $1,500 against plaintiff's attorney and awarded counsel fees in the amount of $1,250.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the provision imposing sanctions and as modified the order is affirmed without costs.

Memorandum: After a default by defendants in this mortgage foreclosure action, counsel for plaintiff sought attorney's fees in the amount of $6,160 pursuant to the terms of the mortgage, which allowed plaintiff to recover "all reasonable attorneys' fees." Supreme Court asked plaintiff's counsel to provide an affirmation that his firm would be billing plaintiff at least the sum that he requested from the court. Counsel responded that his firm charged a flat fee of $1,250 to its client in the event the property reverted back to it and, if the property was sold at auction, the firm would receive the higher of $1,250 or the amount decided by the court in the judgment of foreclosure and sale. The court ordered a sanctions hearing on the basis of the discrepancy between the amount that counsel requested from the court and the amount of the flat fee. At the conclusion of the hearing, the court imposed sanctions against counsel on the ground that counsel made a material factual statement that was false in that he requested a fee of $6,160 when he knew the agreed fee with his client was $1,250. That was error.

An award of attorney's fees should bear "a reasonable relation to the time and effort expended by the plaintiff's attorney[ ] in the . . . foreclosure action" (*Green Point Sav. Bank v Torn-*

*heim,* 261 AD2d 360, 360 [1999]; *see Bankers Trust Co. v Hoovis,* 263 AD2d 937, 939 [1999]), taking into account such factors as the customary fee charged for similar services (*see Morgan & Finnegan v Howe Chem. Co.,* 210 AD2d 62, 63 [1994]). Although a fee arrangement between the attorney and his or her client may be indicative of what is a reasonable fee, it is not determinative (*see generally Giarrusso v City of Albany,* 174 AD2d 840, 841 [1991]; *Secular v Royal Athletic Surfacing Co.,* 66 AD2d 761 [1978], *appeal dismissed* 46 NY2d 1075 [1979]). In his affirmation seeking attorney's fees in this case, counsel set forth the time he expended on various tasks and his hourly rate. He stated that, at the conclusion of the action, he would be entitled to legal fees in the sum of $6,160. He did not state that this was the amount he would bill and receive from plaintiff. The court thus erred in imposing sanctions on the ground that counsel had made a material factual statement that was false (*see generally* 22 NYCRR 130-1.1 [a], [c] [3]), and we modify the order accordingly. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ. [*See* 192 Misc 2d 365.]