OPINION OF THE COURT
Daniel R. Palmieri, J.
In this defamation action the defendant Liotti impleaded plaintiffs counsel Brewington as a third-party defendant. In a decision dated May 12, 2008 (the decision), this court granted the motion of Brewington which sought dismissal of the third-party complaint and sanctions against Liotti for having instituted the third-party practice.
The court ordered a hearing to determine the amount of costs that should be awarded to Brewington pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1. The hearing was conducted on Wednesday, October 29, 2008, during the hours of approximately 9:30 a.m. to 4:30 p.m. with a luncheon recess.
Following the court’s prior decision, Liotti moved for reargument, renewal and recusal, without, however, directly addressing the court’s finding that the institution of the third-party action was sanctionable pursuant to the Rules of the Chief Administrator. That motion, together with various other requests for relief that did not implicate the third-party action, resulted in a decision dated August 19, 2008 (second decision). In the second decision, the court denied all requests for sanctions against Liotti with respect to the main action. Accordingly, the third-party action alone is at issue herein.
At the hearing, testimony and oral argument were offered by both Brewington and Liotti with no other witnesses. Accepted into evidence were Brewington’s computer-generated pre-bill worksheet and a copy of a decision by Judge Frederic Block, United States District Court (EDNY) which, in an unrelated case, awarded statutory legal fees to Brewington at the rate of $400 per hour. The court allowed Judge Block’s decision into evidence since judicial notice could be taken of its content in any event. (CPLR 4511.)
Brewington testified that his hourly rate is $400 per hour, and described his law firm, practice, experience, training and education. He also described in detail his system of time record keeping and that his office maintains time records on all cases, *452 irrespective of the fee arrangement with the client. Liotti also testified as to his hourly billing rate, which is also $400 per hour, and described his law firm, practice, experience, training and education. Both parties have similar practices, similar sized law firms in the same county and have in fact appeared together in other cases.
The court finds as credible the testimony of the parties as to their hourly rates and with respect to Brewington, the testimony of the hourly rates of the personnel under his supervision who worked on this action. Also found to be credible, to the extent allowed, are the claims for out-of-pocket expenses incurred by Brewington.
At the hearing, Brewington claimed legal fees and disbursements in excess of $36,000, which included fees incurred in connection with the motions and other requests for relief that led to the court’s second decision, as well as for time spent in opposing a motion for a stay and a temporary restraining order made in the Appellate Division, which sought to enjoin all proceedings pending an appeal by Liotti of the decision and second decision.
The decision awarded Brewington costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees resulting from the institution of the “frivolous” (as such term is defined in the Rules of the Chief Administrator) conduct of instituting the third-party action (22 NYCRR 130-1.1 [c]). Thus, fees and expenses incurred in connection with work which culminated in the second decision are not recoverable because they were incurred in connection with other aspects of this litigation. Similarly, fees and expenses in connection with Liotti’s appeal and his application for a stay were not incurred in pursuit of the dismissal of the third-party action. In any event, if related to an appeal, such fees and expenses fall within the purview of the Appellate Division.
Although Liotti argues that a sanction may not exceed $10,000, that limitation does not apply to an award, such as here, of costs. (Greene v Merchants & Businessmen’s Mut. Ins. Co., 259 AD2d 519 [2d Dept 1999]; see also Weissman v Weissman, 8 AD3d 263 [2d Dept 2004].)
A reasonable attorney’s fee is commonly understood to be a fee which represents the reasonable value of the services rendered and factors to be considered include (1) the time and labor required, the difficulty of the questions involved and the skill required, (2) the attorney’s experience, ability and reputa *453 tian, (3) the amount involved and benefit resulting from the services, (4) the customary fee charged for similar services, (5) the contingency or certainty of compensation, (6) the results obtained and (7) the responsibility involved. (Diaz v Audi of Am., Inc., 50 AD3d 728 [2d Dept 2008].) In arriving at the rate to be charged, the court has relied on the testimony of Brewing-ton as to his hourly billing rate, the decision of Judge Block, the computer-generated billing records, and Liotti’s testimony as to his own hourly billing rate in a similar sized firm having a similar type practice. Thus, there is ample corroborating evidence to support Brewington’s hourly billing rate request. (Cf. Matter of Gamache v Steinhaus, 7 AD3d 525 [2d Dept 2004].)
Moreover, an award of reasonable attorney’s fees may include the value of the time expended in proving the value of the services. Thus, Brewington should be compensated for the time associated with preparation for and attendance at the calls of the calendar and the hearing itself (Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177 [1st Dept 2004]; Rumble v Windsor Plaza Co., 161 AD2d 259, 260-261 [1st Dept 1990], lv denied 76 NY2d 709 [1990]; Ross v Congregation B’Nai Abraham Mordechai, 12 Misc 3d 559 [Civ Ct, NY County 2006]), together with interest on the award from the date of the hearing.
The court cannot disregard the fees incurred in proving the reasonableness of the requested fee at the hearing. To do otherwise penalizes the recipient for following the directives of a court and, in the face of dedicated albeit legitimate opposition, would cause the recipient to incur significant nonreimbursable time and effort. In cases where a modest award is involved, an award might be entirely offset and lost at the hearing. Such a result could have a significant chilling effect on a party’s willingness to seek enforcement of a right and should not be the unintended consequence of the initial result in favor of the prevailing party.
Although Brewington has admitted that his fee arrangement on the main action is based on a contingency, it has been held that while a fee arrangement may be indicative of what constitutes a reasonable fee, it is not determinative, and a reasonable attorney’s fee in excess of the actual fee to be charged may be awarded. (Manufacturers & Traders Trust Co. v Dougherty, 11 AD3d 1019 [4th Dept 2004].)
In this instance, the Rules of the Chief Administrator clearly contemplate that an award which includes attorney’s fees need *454 not be confined to the actual fee charged to the client. The Rules of the Chief Administrator refer to “actual expenses reasonably incurred and reasonable attorney’s fees.” (22 NYCRR 130-1.1 [a].) Thus, expenses must be actual while attorney’s fees are to be “reasonable” and are not modified in the same manner as expenses. Moreover, there is a well established and substantial body of interpretive case law in this state which defines what is meant by the expression reasonable attorney’s fee. (See e.g. McGrath v Toys “R” Us, Inc., 3 NY3d 421 [2004].)
Based on the foregoing and within the parameters established by this decision and taking into account all of the above noted factors, the court awards Brewington attorney’s fees and expenses as set forth below:
For the period from the commencement of the third-party action to the date of submission of the motion for its dismissal, legal fees in the sum of $6,500 are awarded.
For the period beginning with the receipt of the court’s decision dated May 12, 2008, until completion of the hearing upon which this present decision is based, the court has not included any compensation for the motions that were decided by the second decision or for the activities necessitated by Liotti’s application and motion to the Appellate Division. The court has included, however, appearances before the Nassau County Supreme Court and this court (including preparation time) in connection with Liotti’s request for a stay of the hearing on June 6, 2008, and preparation for and attendance at the call of the calendar in regards to this hearing, preparation for the hearing, review of various letters from Liotti and attendance thereat. Although not offered as part of the record of the hearing, this court was sent copies of such letters and they are described in the pre-bill worksheet that has been placed in evidence. In computing the fees for the time spent in reviewing the decision, the fees attributable to the third-party action were taken at one half because the decision encompassed other issues as well.
The court has allocated the amount of $7,000 for the period from September 30, 2008 (the day before the first hearing date as established in the second decision) through the hearing with no credit for any time spent between October 17, 2008 and the day preceding the hearing on October 29, 2008, because no time record was submitted for that period, and five hours have been allocated to attendance at the hearing. The five hours attributable to the hearing is based on the court’s personal knowledge *455 and the clerk’s minutes. The time expended during this period for which an award is made includes preparation for the previously scheduled dates, plus reading and responding to letters initiated by Liotti relating to the hearing.
In sum, the court awards judgment against Liotti and in favor of Brewington for reasonable attorney’s fees in the amount of $14,000 of which $6,500 is attributable to the dismissal of the third-party complaint, $500 is attributable to the reading and analysis of the decision and $7,000 is allocated toward preparation for, appearances and correspondence in relation to and attendance at the hearing.
The court awards as actual expenses reasonably incurred $98.69, of which $95 is for the filing of the note of issue for this hearing and $3.69 is for travel and postage expenses in connection with the note of issue. The court was not able to discern from the evidence the amount of actual expenses attributable to the motion to dismiss Liotti’s third-party complaint, and has excluded the largest amount of claimed expenses, namely $635.75 for copying and travel expenses to the Appellate Division in Brooklyn because those expenses relate to Liotti’s appeal and request for a stay of all proceedings.
The total amount of the judgment is $14,098.69 (see 22 NYCRR 130-1.2) plus interest thereon from the date of the hearing, October 29, 2008, that being the date the court finds to be a single intermediate date from which interest should run. (CPLR 5001.)