## Isaly v Garde

2024 NY Slip Op 34311(U)

December 9, 2024

Supreme Court, New York County

Docket Number: Index No. 160699/2018

Judge: James E. d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **Hon. James E. d'Auguste**          PART 55

                                                    *Justice*

-----------------------------------------------------------------------X

SAMUEL D. ISALY,

                                    Plaintiff,

            - v -

DAMIAN GARDE, DELILAH BURKE,

                                    Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160699/2018 |
| MOTION SEQ. NO. | 013 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 013) 276, 277, 278, 279 were read on this motion to/for _____VACATE_____.

Plaintiff moves to reject, vacate or, in the alternative, modify the report and recommendation in this action dated October 25, 2024 (Brian Krist, Special Master), issued after a hearing and recommendation that the Court enter judgment against plaintiff in this action for attorney's fees and costs.[1] Plaintiff's motion is denied, and the report is confirmed in full.

As defendant Garde notes in opposition, a special master's findings and recommendations are "entitled to great weight," and "should be confirmed if [the] findings are supported by the record." *Poster v. Poster*, 4 A.D.3d 145, 145 (1st Dep't 2004); and *Sichel v. Polak*, 36 A.D.3d 416, 416 (1st Dep't 2007). While a special master's conclusions of law are not given the same deference as factual findings, the special master's conclusions rejecting plaintiff's as-applied challenge to 2020 N.Y. Laws ch. 250 are correct for the reasons set forth in the report, and the Court adopts them. Plaintiff has not offered any basis to revisit the special master's factual findings, and the Court finds no error in them. Thus, the branch of plaintiff's motion to reject or vacate the report outright is denied.

Plaintiff's lightly-cited objection to the imposition of prejudgment interest is misplaced, and that branch of plaintiff's motion is denied as well. The Court concurs with the special master that Civil Rights Law § 70-a(1)(a) contemplates compensatory, not punitive relief, as "[a]n award of attorney's fees is a

---

[1] The report and recommendation has been published at 2024 N.Y. Misc. LEXIS 13558, and *sub nom. Isaly v. Burke*, NYLJ, Oct. 31, 2024 at p.17, col.1, 2024 NYLJ LEXIS 3483.

160699/2018  ISALY, SAMUEL D. vs. GARDE, DAMIAN
Motion No. 013

Page 1 of 4

1 of 4

[* 1]

compensatory and restorative remedy intended to return a defendant to their financial status quo ante but for a plaintiff's initiation of a SLAPP against them, as opposed to punitive damages." (Report, at 10). *See generally, Benlevi v. Rukaj*, Index No. SC-806-24/NY, 2024 N.Y. Misc. LEXIS 5139 (Civ. Ct., New York Co. Jul. 8, 2024) (discussing different types of anti-SLAPP relief, their purposes, and standards). Plaintiff's reliance on the bar against prejudgment interest upon punitive damages is not well-founded.

Pursuant to CPLR 5001(a), prejudgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."[2] The Court has grave doubts as to plaintiff's argument that prejudgment interest is precluded by CPLR 5001, for the reasons the Second Circuit explained (and Garde cited in opposition) years ago, itself relying in part upon the Court of Appeals from earlier still. *See, Mallis v. Bankers Trust Co.*, 717 F.2d 683, 694 (2d Cir. 1983), *quoting, Prager v. New Jersey Fidelity & Plate Glass Ins.*, 245 N.Y. 1, 5–6 (1927). Plaintiff's litigation of this action certainly deprived Garde of money that would otherwise have gone to other purposes, and the Court of Appeals has held simply that "money is property" since before the Civil War. *People ex rel. Griffin v. Mayor, etc., of Brooklyn*, 4 N.Y. 419, 422 (1851). Other courts, while not directly addressing plaintiff's CPLR 5001 objection, have nonetheless fixed prejudgment interest on attorney's fee judgments. *See, e.g., Galasso Langione & Botter LLP v. Liotti*, 22 Misc. 3d 450, 455 (Sup. Ct., Nassau Co. 2008), *affd.*, 81 A.D.3d 880 (2d Dep't 2011) (fixing prejudgment interest on attorney's fees); and *Shapiro v. Kurtzman*, 81 Misc. 3d 819(A), 834-838 (Sup. Ct., Rockland Co. 2023) (same). That, coupled with the clear legislative intent to return SLAPP defendants to their status quo ante as Garde notes in opposition, indicates that this is the type of demand for which prejudgment interest is appropriate under CPLR 5001.[3]

---

[2] Plaintiff's objection that the special master recommended interest sua sponte is particularly misplaced, as the First Department has held for nearly a century that what is now CPLR 5001 "is a mandatory direction to the court," to fix the period of prejudgment interest when required. *See, McLaughlin v. Brinckerhoff*, 222 A.D. 458 (1st Dep't 1928).

[3] The parties' extended argument as to whether a demand for attorney's fee claims pursuant to Civil Rights Law § 70-a(1)(a) concerns deprivation of property misses the question of whether prejudgment interest would be permissible pursuant to CPLR 5001(a) in any event. Because the proceedings before the special master "concerned only the reasonable amount of attorneys' fees, which is an equitable claim," prejudgment was at least permissible, even if not mandatory. *Finato v. Fink*, 803 Fed. Appx. 84, 89 (9th Cir. 2020). *See also, Depot Square Pizzeria, LLC v. Dept. of Taxes*, 169 A.3d 204, 209 (Vt. 2017). (noting that "attorney's fees may constitute a form of equitable relief"), *but see, Saunders v. Sharp*, 840 P.2d 796, 809 (Utah 1992) (noting that "[w]hile courts may, in some

160699/2018 ISALY, SAMUEL D. vs. GARDE, DAMIAN
Motion No. 013

Page 2 of 4

Turning then to the question of the date upon which prejudgment interest should run, the Court, again, confirms the report for the reasons stated by the special master. "At every stage, this action has been prolonged and deeply litigated long after its natural demise," by plaintiff's own choices. (Report, at 14). Once the Court initially dismissed this action in its July 14, 2022, decision – to which the Court adhered upon reargument plaintiff sought in Motion Seq. No. 005 – plaintiff could have simply stopped.[4] Time and again, the Court, the Appellate Division, the District Court, and the Second Circuit have weighed plaintiff's claims, measured them, and found them wanting.[5] The only question about plaintiff's claims against Garde after July 14, 2022, was whether Chapter 250 compelled plaintiff to reimburse Garde for dragging him to the courthouse on claims belied by New York law. And yet, plaintiff has pushed over two more years of litigation from that point.

### Conclusion

Plaintiff has not offered a valid basis to revisit the special master's findings of fact and conclusions of law in the report and recommendation, and the Court declines to do so.

Accordingly, it is hereby

ORDERED that plaintiff's motion to vacate the report and recommendation in this action dated October 25, 2024, pursuant to CPLR 4403 and 5015(a)(5) and 22 N.Y.C.R.R. § 202.44(a) is denied; and it is further

---

situations, award attorney fees on an equitable basis, attorneys fees, when awarded as allowed by law, are awarded as a matter of legal right"). Thus, the special master had at least discretion to recommend interest even assuming he was not mandated to do so.

[4] That the Court granted plaintiff leave to reargue its July 2022 decision and order appears to be the basis for plaintiff seeking CPLR 5015(a)(5) relief, which is based upon "reversal, modification or vacatur of a prior judgment or order upon which" the decision at issue is made. That the Court adhered to its dismissal of plaintiff's claims upon reargument does not create an avenue for relief however, as the essential issue here was that plaintiff did not state a claim. That did not change on reargument.

[5] The Second Circuit was particularly pointed in discussing its history of decisions against plaintiff, noting:

This Court affirmed, rejecting Isaly's main argument that he was physically incapable of taking the actions attributed to him in the article—primarily, sending inappropriate emails— . . . because he is quadriplegic and has limited use of his arms and fingers. We explained that the allegations in the article were not inconsistent with the pleadings, which reflected both that Isaly retained enough motor function to feed himself using a fork and that he received support with daily tasks. We also relied on a transcript of Garde's pre-publication interview with Isaly to find unpersuasive Isaly's argument that Garde made no meaningful attempt to test the allegations in the article. Finally, we determined that Isaly pleaded no facts that cast doubt on the reliability of Garde's anonymous sources or that call into question the article's assertion that each was first contacted by Garde and interviewed separately.

*Isaly v. Boston Globe Media Partners, LLC*, Dkt. No. 23-67-cv, 2023 U.S. App. LEXIS 26124, *2-3 (2d Cir. Oct. 3, 2023) (ellipses, quotations, and citations omitted).

160699/2018  ISALY, SAMUEL D. vs. GARDE, DAMIAN
Motion No. 013

Page 3 of 4

[* 3]

ORDERED pursuant to CPLR 4403 that the report and recommendation is confirmed in full; and it is further

ORDERED that, pursuant to Civil Rights Law § 70-a(1)(a), the clerk enter judgment in favor of defendant Damian Garde and against plaintiff Samuel D. Isaly in the amount of $403,456.18, together with the costs and disbursements of this action, with interest from July 14, 2022.

This constitutes the Decision and Order of the Court.

| 12/09/2024 | | | | James d'Auguste, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

160699/2018  ISALY, SAMUEL D. vs. GARDE, DAMIAN
Motion No. 013

Page 4 of 4

[* 4]