Isaly v Garde (2025 NY Slip Op 04960)

Isaly v Garde

2025 NY Slip Op 04960

Decided on September 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 160699/18|Appeal No. 4504-4505M-3335|Case No. 2024-01689 2024-02593|

[*1]Samuel D. Isaly, Plaintiff-Appellant,
v
Damian Garde et al., Defendants-Respondents. 

Carter Ledyard & Milburn LLP, New York (Alan S. Lewis of counsel), for appellant.
Morgan, Lewis & Bockius LLP, New York (Andrew M. Buttaro of counsel), for Damian Garde, respondent.
White & McSpedon, P.C., New York (Bruce L. Steinowitz of counsel), for Delilah Burke, respondent.

Amended order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about March 21, 2024, which, to the extent appealed from, dismissed the action as against defendants in accordance with CPLR 3211 (g); denied plaintiff's request to conduct additional discovery as against defendant Delilah Burke; and concluded that because of the dismissal in accordance with CPLR 3211 (g), defendants were entitled to seek counsel fees under New York Civil Rights Law § 70-a, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 22, 2024, unanimously dismissed, without costs, as superseded by the appeal from the aforementioned amended order.
This action has a long and entangled history. However, the relevant question on appeal is whether, for the purposes of the anti-strategic lawsuits against public participation (anti-SLAPP) statutes, plaintiff's actions can be deemed a continuation of this lawsuit beyond the effective date of the 2020 amendments (Civil Rights Law § 70-a [1] [a]; see Assembly Mem in Support, Bill Jacket, L 2020, ch 250 at 5).
Plaintiff Samuel D. Isaly is the founder and former managing partner of OrbiMed Advisors, LLC, a hedge fund that invests in healthcare and biotech companies. Defendant Damian Garde is a journalist at STAT, an online news service published by Boston Globe Media Partners, LLC, which covers health, medicine, life sciences, and biotech news. Defendant Delilah Burke worked as an executive assistant for Isaly between 2009 and 2010.
On December 5, 2017, STAT published an article, written by Garde, headlined "Biotech hedge fund titan Sam Isaly harassed, demeaned women for years, former employees say." The article, which identified Burke as an employee source, also reported that Isaly denied the allegations of sexual harassment and pornography in the workplace in a lengthy interview with Garde.
Plaintiff commenced this action in November 2018 and defendants moved to dismiss the complaint in March 2019 and May 2019 respectively. While defendants' motions were pending, the 2020 amendments to the New York anti-SLAPP statutes were enacted. The parties then filed supplemental briefs to address the impact of the amendments on the pending motions. By order entered July 14, 2022, Supreme Court granted defendants' motions to the extent of dismissing plaintiff's amended complaint.
On August 22, 2022, plaintiff moved to reargue Supreme Court's decision, and, upon reargument, to reinstate the complaint and for leave to file a second amended complaint. On December 6, 2022, Supreme Court granted reargument, and upon reargument, vacated its prior decision dismissing the amended complaint against Burke pursuant to CPLR 3211 (a) (7) to the extent the decision was predicated on certain allegations in the pleading, and otherwise adhered to the dismissal as against Burke under CLPR 3211 (a) (7). The court further vacated that part of its prior decision denying dismissal as against Burke pursuant to CPLR 3211 (g), and stayed the remaining portions of Burke's motion. Supreme Court also adhered to that portion of the decision dismissing the action as against Garde pursuant to CPLR 3211 (a) (7), vacated those parts of its prior decision denying dismissal as against Garde pursuant to CPLR 3211 (g) and fee-shifting, and stayed Garde's application for fee-shifting. The court also denied plaintiff's motion for leave to file a second amended complaint and denied plaintiff's cross-motion to vacate the stay of discovery.
On June 23, 2023, plaintiff moved to vacate the stay imposed by the December 6, 2022 order, to permit discovery relevant to the branches of defendants' motions seeking dismissal pursuant to CPLR 3211 (g), to deny defendants' motions to dismiss pursuant to CPLR 3211 (g), and to deny Garde's motion for fee-shifting.
On February 22, 2024, Supreme Court denied plaintiff's request for discovery but lifted the stay previously imposed. Upon lifting the stay, the court granted Garde's motion to dismiss pursuant to CPLR 3211 (g) and directed further proceedings to determine defendants' reasonable attorneys' fees. On March 21, 2024, the court issued an amended order, which also granted Burke's motion to dismiss pursuant to CPLR 3211 (g). Plaintiff appealed both orders.
Under the 2020 amendments to the anti-SLAPP statutes, the definition of an "action involving public petition and participation" was expanded to include "any communication in a place open to the public or a public forum in connection with an issue of public interest" (Civil Rights Law § 76-a [1] [a] [1]). The 2020 amendments also codified a protected person's right to recover attorney's fees upon demonstrating that "the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law" (Civil Rights Law § 70-a [1] [a] [emphasis added]). In Gottwald v Sebert (40 NY3d 240, 258-259 [2023]), the Court of Appeals held that the language in the 2020 amendments clearly established the legislature's intention for their application to be prospective (see also Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 19 [1st Dept 2024] [noting that the anti-SLAPP law does not have retroactive application]). However, honing in on the language "commenced or continued" the Court of Appeals found that "[t]here is no retroactive effect when these provisions are applied, according to their terms, to the continuation of the action beyond the effective date of the amendments" (Gottwald, 40 NY3d at 258). Therefore, in Reeves, this Court found that while the action therein was commenced prior to the 2020 amendments, "the enhanced attorneys' fee remedy [was] available to defendants because plaintiffs continued their SLAPP action after the November 10, 2020 enactment date" (Reeves, 232 AD3d at 19; see also Gottwald, 40 NY3d at 258).
Although the Court of Appeals in Gottwald did not directly address whether Civil Rights Law § 76-a applies to actions pending at the time of its enactment, implicit in Reeves is this Court's determination that the 2020 amendments' broadened definition of public petition and participation in section 76-a applies to actions continued beyond the statute's effective date (Reeves, 232 AD3d at 19-20). Specifically, in Reeves, this Court applied the expanded definition of an "action involving public petition and participation" (Civil Rights Law § 76-a [1] [a]) and the broadened definition of "public interest" (Civil Rights 76-a [1] [d]), in finding the defendant had met his initial burden under CPLR 3211 (g) (Reeves, 232 AD3d at 19-20). This Court's finding in Reeves cannot be harmonized otherwise, as the expanded definition of public petition and participation was the basis for finding that the defendants therein had met their burden under CPLR 3211 (g), and were entitled to attorneys' fees pursuant to Civil Rights Law § 70-a (1) (a), when plaintiff failed to demonstrate the claim had a substantial basis in the law (Reeves, 232 AD3d at 20).
This Court's approach in Reeves has a sound basis in statutory interpretation. "The anti-SLAPP law contains three primary components. Its scope is initially set forth in Civil Rights Law § 76-a . . . . Civil Rights Law § 70-a affords remedies to protected persons, . . . and CPLR 3211 (g) and CPLR 3212 (h) establish the standard designed to ensure that baseless SLAPP suits do not advance beyond the pleadings" (Reeves, 232 AD3d at 16-17). Under in pari materia principles they should "be construed together unless a contrary intent is clearly expressed by the Legislature" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 121 [2012] [internal citation omitted]; see also McKinney's Cons Laws of NY, Book 1, Statutes § 221). "[C]ourts must harmonize the related provisions in a way that renders them compatible" (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]).
Applying these principles to the anti-SLAPP statutes, it is clear that since the 2020 amendments relate to the same subject matter and were adopted together, and that CPLR 3211 (g) and Civil Rights Law § 70-a both refer to Civil Rights § 76-a for the definition of public petition and participation, the legislature's intent was that they should be construed together. The Court of Appeals holding in Gottwald further illustrates this point, as the Court referenced both section 70-a and section 76-a of the Civil Rights Law when determining that there was "no retroactive effect when these provisions are applied, according to their terms, to the continuation of the action beyond the effective date of the amendments" (Gottwald, 40 NY3d at 258).
In Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y. (236 AD3d 590, 591 [1st Dept 2025]), this Court, citing to Reeves, stated, "the amended definition of an 'action involving public petition and participation' does not apply retroactively to motions to dismiss filed in actions commenced prior to the amendments' effective date" (id. at 591). We decline to apply this finding to those actions commenced prior to, but continued after, the effective date of the amendments, as it is inconsistent with the Court of Appeals' holding in Gottwald and this Court's holding in Reeves (cf. VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 89-90 [2d Dept 2024]; Burton v Porcelain, 223 AD3d 775, 777-778 [2d Dept 2024]).
We find that plaintiff's August 22, 2022 motion to reargue was a continuation of this lawsuit, for purposes of the anti-SLAPP statutes, beyond the effective date of the 2020 amendments (Civil Rights Law § 70-a [1] [a]; Assembly Mem in Support, Bill Jacket, L 2020, ch 250 at 5), and that Supreme Court correctly applied the amended definition of an action "involving public petition and participation" in dismissing this action as against Burke (see Reeves, 232 AD3d at 19; Swiezy v Investigative Post, Inc., 228 AD3d 1266, 1270-1271 [4th Dept 2024] ["Although this lawsuit did not fall within the definition of an 'action involving public petition and participation' until the 2020 amendments to the statute . . . and 'the intended application of the amendments to the statute allowing a counterclaim for costs and attorney's fees is prospective,' . . . 'there is no retroactive effect when those amendments are applied, according to their terms, to the continuation of an action beyond the effective date of the amendments'"] [internal citations and brackets omitted]).
Supreme Court also properly dismissed the complaint as against Garde on the additional ground of CPLR 3211 (g) and properly directed further proceedings to determine the amount of Garde's attorney's fees (see Reeves 232 AD3d at 25; Gottwald, 40 NY3dat 259). Although the action against Garde was dismissed in accordance with CPLR 3211 (a) (7) pursuant to Supreme Court's December 2022 order, plaintiff appealed the court's decision, and therefore, the order could not be deemed final until the appellate process had been exhausted. As relevant, on May 30, 2023, this Court affirmed Supreme Court's order (Isaly v Garde, 216 AD3d 594 [1st Dept 2023], lv dismissed 40 NY3d 1088 [2024] [Isaly I]),[FN1] and on July 14, 2023, plaintiff moved for reargument or for leave to appeal to the Court of Appeals. On September 7, 2023, this Court denied plaintiff's motion and plaintiff then sought leave to appeal from the Court of Appeals. The Court of Appeals dismissed plaintiff's motion for leave to appeal on January 16, 2024 (40 NY3d 1088 [2024]) and denied plaintiff's motion for reargument on May 23, 2024 (41 NY3d 998 [2024]). Therefore, Supreme Court retained jurisdiction of the dismissed complaint, as its December 2022 order was not final when the court granted Garde's motion to dismiss pursuant to CPLR 3211 (g) and directed further proceedings to determine defendants' reasonable attorneys' fees on February 22, 2024.
In any event, in Isaly I, plaintiff did not appeal those portions of Supreme Court's order that vacated its findings pursuant to CPLR 3211 (g), stayed those portions of defendants' motions seeking dismissal under CPLR 3211 (g), stayed Garde's application for fee-shifting under the same provision, and granted defendants' motions for protective orders. Therefore, these issues remained extant,[FN2] and upon remand by this Court, were subject to further proceedings as were required by the stay implemented by Supreme Court pending the Court of Appeals' decision in Gottwald.[FN3]
We have considered the parties' remaining contentions and find them unavailing. M-3335 - Isaly v Garde
Motion to submit a reply to a post-argument submission, denied. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: September 11, 2025

Footnotes

Footnote 1: In Isaly I this Court also dismissed plaintiff's appeal from the July 2022 order as superseded.

Footnote 2: Although this Court previously affirmed Supreme Court's order in Isaly I, the issue of dismissal pursuant to CPLR 3211 (g) and Garde's application for fee-shifting are not barred by the doctrine of law of the case because these issues were not actually resolved on the prior appeal. Nevertheless, the doctrine simply "directs [this] court's discretion" but does not "restrict [our] authority" (People v Evans, 94 NY2d 499, 503 [2000] [internal quotations and citations omitted]). Further, we may re-examine a question this Court previously decided upon a change of law, such as the change effected by Gottwald (cf. Kenney v City of New York, 74 AD3d 630, 631 [1st Dept 2010]).

Footnote 3: "When an appellate court remits a case to the trial court, further proceedings in the trial court must be consistent with the appellate court remittitur" (Favourite Ltd. v Cico, 42 NY3d 250, 256 [2024]). While "[t]here is no requirement that [this Court] specify the effect of a dismissal[,] . . . [u]nder CPLR 5013, dismissal before the close of the proponent's evidence is not a dismissal on the merits unless [it is] specifie[d] otherwise" (id. at 258). Therefore, whereas here, the original action remained pending in Supreme Court after the claims against Garde were dismissed, this Court's "order . . . did not render the case final for purposes of appealability, as no appeal to the Court of Appeals may be taken from an order which leaves claims pending in the action between the same parties" (id.).