**Fairouz v Bennett Moving & Stor.**

2025 NY Slip Op 34396(U)

November 24, 2025

Supreme Court, New York County

Docket Number: Index No. 164056/2025

Judge: James E. d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **Hon. James E. d'Auguste**                  **PART 55**

                                                    *Justice*

------------------------------------------------------------------X

MOHAMMED FAIROUZ, MICHAEL BEMBENEK,

                              Plaintiffs,

                    - v -

BENNETT MOVING AND STORAGE D/B/A ALL READY
MOVING & STORAGE,

                              Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 164056/2025 |
| MOTION DATE | 10/28/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION/ORDER AFTER
HEARING**

Having received an "urgent" letter and accompanying affirmation and memorandum of law from plaintiffs (NYSCEF Doc. Nos. 24-26) objecting to the report and recommendation dated November 18, 2025 (Brian Krist, Special Master), the Court construes plaintiffs' papers as a letter motion to reject the report after inquest pursuant to CPLR 4403.[1] Having reviewed the report and plaintiffs' written objections, the Court denies plaintiffs' motion to reject the report, and confirms the report in full in the manner and for the reasons set forth below.

At the outset, none of plaintiffs' objections address the Special Master's recommendation that "any claims held by Bembenek alone must then be dismissed because Fairouz is not an attorney and cannot assert claims on behalf of Bembenek," and the Court would confirm that branch of the report as unopposed. *Report*, at 2. *See, Salvador v. N.Y.C. Dept. of Health & Mental Hygiene*, 2025 N.Y. Misc. LEXIS 8652, *1 (Sup. Ct., New York Co. Oct. 14, 2025) (confirming unopposed report). In any event, the Special Master found, and the Court has no basis to revisit, that "the pleadings and supporting papers indicated joint ownership interest in the chattel at issue permitting Fairouz to seek replevin as against defendant." *Report*, at 2. Rather, plaintiffs' letter motion incandescently expresses its objection to the Special Master's subsequent finding that the record "gravely call[ed] Fairouz's candor in this litigation into question in such manner as is fatal to this entire litigation." *Report*, at 2.

---

[1] The report has subsequently been published as 2025 N.Y. Misc. LEXIS 8846.

**164056/2025  FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A
ALL READY MOVING & STORAGE
Motion No.  001**

**Page 1 of 8**

1 of 8

Plaintiffs assert several grounds for rejecting the report. (Affirmation in Supp., NYSCEF Doc. No. 24, ¶¶ 2-7). None of them have any basis in the record presented to the Special Master or as further illuminated by plaintiffs' letter motion papers, but the Court addresses them in turn.

Firstly, the Court emphatically rejects plaintiffs' demand for an order imposing "sanctions on the Special Master for contemptuous and discriminatory conduct," as well as fees and a contempt finding against the Special Master for recommending dismissal. (Plaintiffs' Supp. Ltr., NYSCEF Doc No. 26, at 5-8). Unsurprisingly, New York does not permit parties to seek monetary recourse against the official hearing their litigation simply because they dislike that official's decision. *See, Alvarez v. Snyder*, 264 A.D.2d 27, 37-38 (1st Dept. 2000) (special master entitled to judicial immunity); and *Sullivan v. Elliott*, 157 Misc. 2d 456. 457 (Dist. Ct., Nassau Co. 1993) (collecting cases and finding that small claims arbitrator was judicially immune). Even assuming the Special Master erred or inadvertently misconstrued his authority (which, as discussed later, he did not), that does not form a basis for personal liability.[2] *Alvarez*, at 38. Rather, plaintiffs' relief against a recommendation they disagree with is a motion to reject.

Turning to plaintiffs' other objections, plaintiffs first object to the report in that "the Special Master spent over one week" considering plaintiffs' claims, only to result in the "much delayed submission of this deficient report." (Plaintiffs' Aff. in Supp., ¶¶ 4 and 7). The inquest was on November 12, 2025, and the report issued six days later, on November 18, 2025. That is not delayed, especially as the Special Master "shall file his report, setting forth findings of fact and conclusions of law, within thirty days after the cause or matter is finally submitted," which does not begin to run until the Special Master is furnished with a transcript, *that plaintiffs have still not provided.* CPLR 4320(b). As the report itself notes at footnote 1, "this report and the promptness of it more than amply satisfy [the Special Master's] obligation to ensure that each case…proceeds with regularity in order to safeguard the interests of the parties and resolve their disputes with responsible dispatch." *Report*, at 1 n. 1 (citation omitted).

Plaintiffs also allege that the Special Master "fails to address _any_ of the matters referred to him by the Court," in his report, including "the emergency application, the service compliance, the September 25 hearing record, the Marshal's conduct, and the Plaintiffs' request for replevin." (Plaintiffs' Aff. in Supp., ¶ 7) (emphasis in original). That assertion does not

---

[2] Plaintiffs' suggestion of racial bias is unsupported.

**164056/2025  FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A ALL READY MOVING & STORAGE**
**Motion No. 001**

**Page 2 of 8**

2 of 8

square with the report, as it addressed plaintiffs' request for expedited consideration, and considered, and denied, plaintiffs' replevin claims based in large measure upon credibility concerns sounding from plaintiffs' proof of service throughout pages 2 through 4 of the report. Rather, it appears that "[p]laintiff's problem is not that the [Special Master] has not considered plaintiff's…argument, but that the [Special Master] has considered it and does not agree with him." *Isaly v. Garde*, 83 Misc. 3d 379, 389 (Sup. Ct., New York Co.), *stay denied*, 2024 NY Slip Op 71498(U) (1st Dept. 2024), *affd.*, 2025 NY Slip Op 04960 (1st Dept. Sept. 11, 2025).

The bulk of plaintiffs' objections surround the Special Master's credibility findings and associated text concerning the proofs of service offered in this action. (Plaintiffs' Aff. in Supp., ¶¶ 2-6). As the Court has noted previously, "a special master's findings and recommendations are entitled to great weight, and should be confirmed if the findings are supported by the record," particularly as to factual or credibility findings. *Isaly v. Garde*, 2024 NY Slip Op 34311(U), *1 (Sup. Ct., New York Co. 2024), *quoting*, *Poster v. Poster*, 4 A.D.3d 145, 145 (1st Dept. 2004); and *Sichel v. Polak*, 36 A.D.3d 416, 416 (1st Dept. 2007). Plaintiffs' objections are ill-founded.

At the outset, plaintiffs assert that "the Report does not acknowledge or consider" what plaintiffs call their "corrected affidavits of service." (Aff. in Supp., ¶ 2). But, the report specifically discusses them at page 2, noting that "Fairouz collectively submitted as NYSCEF Doc. No. 21 (without any explanation at all) two additional affirmations of service at 1:31am on November 17, 2025 that were purportedly executed by Matthew Hazan of Long Island Process Servers Limited," and that "Fairouz did not file any cover letter or affirmation explaining the additional filing, only a NYSCEF description (entered by the filer, Fairouz) stating that this filing contains two documents; a corrected Affirmation of Service, which does not affect the validity of the original service, and a supplemental November 10, 2025 service filed solely to show additional diligence." *Report*, at 2 (cleaned up). Plaintiffs' assertion that the Special Master issued the report "within moments of receiving" correspondence from plaintiffs' process server alleging misconduct (NYSCEF Doc. No. 22) is belied by the report itself, which notes that the correspondence was received a few hours after Fairouz's 'corrected affidavits," and a day before the report itself. *Report*, at 2. Again, "[p]laintiff's problem is not that the [Special Master] has not considered plaintiff's…argument, but that the [Special Master] has considered it and does not agree with him." *Isaly*, 83 Misc. 3d, at 389.

**164056/2025   FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A
ALL READY MOVING & STORAGE
Motion No.  001**

Page 3 of 8

3 of 8

[* 3]

Turning to the process server's correspondence, the Court commends Long Island Process Servers Limited and its president, Matthew Hazan, for bringing their concerns to the Court's attention. The Court agrees that "courts in the City have seen dockets swell with traverse hearings alleging sewer service," and "it is commendable that a process server would bring this matter to the attention of the Court," if, as here, it had concerns that its work may have been misrepresented. *Report*, at 3 n. 3. Courts have criticizesd those in the process service industry that have "developed an unfortunate and scandalous penchant for 'sewer service,'" that harms the judicial process through "such slipshod or unlawful conduct." *Feinstein v. Bergner*, 48 N.Y.2d 234, 243 (1979). *See also*, New York Legal Assistance Group, *Deceptive Delivery – The Real Cost of Sewer Service in the Courtroom* (Apr. 1, 2025) (report regarding "the predatory process serving industry and the sewer service that remains rampant in New York City").[3] By that same measure then, courts should note those on the other end of the spectrum.

That Hazan's correspondence is not notarized does not render it beyond all consideration. The Court notes that plaintiffs, without irony, submitted an unsworn "supplemental statement" of their own as part of their papers to reject the report. (NYSCEF Doc. No. 26, at 1). What is good for the goose is good for the gander, and there is no indication in plaintiffs' papers that they have been deprived of an opportunity to confront that statement or refute it. Quite to the contrary, plaintiffs have submitted three documents totaling 15 pages of written argument addressing Hazan's allegation. Rather, the record indicates that Hazan confronted Fairouz (detailing Fairouz's response to him), who in turn submitted 'corrected affidavits,' and then Hazan contacted the Court. Plaintiffs do not dispute any of that; rather, they seek to explain (themselves not under oath, in contrast to their supporting affirmation) why they submitted incorrect affidavits. (NYSCEF Doc. No. 26, at 1-4).

When considering Hazan's allegations as the Special Master did, even with the benefit of plaintiffs' further explanation, plaintiffs' explanations, at their best, explain but do not excuse their incorrect filings. Hazan's side-by-side comparison of the affidavits, as the Special Master noted, is striking and facially illustrates the four "material changes…made to the November 7 affirmation before it was filed," that the Special Master noted, as well. (NSYEF Doc. 22, at 1). "Recognizing that a picture is worth a thousand words," the competing versions Hazan provided

---

[3] *Available at* https://nylag.org/new-report-deceptive-delivery-the-real-cost-of-sewer-service-in-the-courtroom/ (last accessed Nov. 21, 2025).

**164056/2025  FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A**          Page 4 of 8
**ALL READY MOVING & STORAGE**
**Motion No. 001**

[* 4]                                                                 4 of 8

and marked as Exhibit A[4] (the original version) and Exhibit B[5] (the altered and submitted version) are annexed. *McElroy v. Stephens*, 331 A.3d 971, 975 n. 2 (R.I. Mar. 11, 2025).

As Hazan noted, "[t]he name, title, and authority of the person served were changed," switching from "Jane Doe (name refused)…unknown position/unknown authority to "Jose Doe…general manager and authorized person." (NYSCEF Doc. No. 22, at 1, 3 and 4). Additionally, Hazan's allegation that "[a]ll physical description details of the individual and the location were replaced," and "[t]he method by which the server confirmed identity and authority was altered," are plainly supported by comparing the two copies again, where the description for Jane Doe is blank, except for "per client-service acceptable," in the original and fully completed to list apparent age, skin color, gender, weight, height, hair color, eye color, title, and a statement that now-Jose Doe had been identified as co-workers. (NYSCEF Doc. No. 22, at 1, 3 and 4). Lastly, and perhaps most inexplicably, a plain comparison of the two versions establishes, as Hazan alleges, that "[t]he original barcode and the client's information were removed," from the bottom of the form. (NYSCEF Doc. No. 22, at 1, 3 and 4). Even if the Court were to accept plaintiffs' assertion that these alterations amount to a "synchronization artifact that caused the inadvertent cross-population of information between the affidavits," or "technical artifact," that does not excuse Fairouz for not reviewing them before filing what he now admits is an altered document. (NYSCEF Doc. No. 22, at 1). While the Court is aware that Fairouz is self-represented, that does not excuse him from such basics of not only litigation, but normal business discourse. *See, e.g., Kolomenskaya v. Meta Platforms, Inc.*, 86 Misc 3d 1218(A), *2 (Sup. Ct., Kings Co. Jun. 15, 2025) (collecting cases)

Lastly, plaintiffs' objections do little to refute the Special Master's findings of reasonable cause to refer the record of this action to the Office of the New York County District Attorney. As the Special Master correctly found, Fairouz shattered his credibility over the course of this action, and even if the Court were to re-evaluate the record without the deference required by *Post* and *Sichel*, the Court would reach the same conclusion. Far from being prejudicial, the Special Master's recommendation that the Court direct further proceedings to inquire as to Fairouz's apparent misconduct was a measured response to ensure Fairouz would have a full and fair opportunity to contest serious and troubling issues. See, *Carrol v. Gammerman*, 193 A.D.2d 202, 206 (1st Dept. 1993) (noting that "the examination of witnesses to ascertain whether a basis

**164056/2025  FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A
ALL READY MOVING & STORAGE
Motion No.  001**

Page 5 of 8

5 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

14531220

**Plaintiff / Petitioner:**
Mohammed Fairouz and Michael Bembenek

**Defendant / Respondent:**
Bennett Moving and Storage d/b/a All Ready Moving & Storage

**AFFIRMATION OF SERVICE**
Index No:
164056/2025
Date Filed: October 30, 2025

I, Mathew Hazan affirm and say that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on November 07, 2025 AT 12:25 P.M. AT 307 Front Street, Hempstead, NY 11550 (40.70671032, -73.62301581) affirmant served the within Summons (Received Nov 5, 2025 at 6:24pm EST), Order to Show Cause -TRO (Received Nov 5, 2025 at 6:24pm EST) on Bennett Moving and Storage

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☒ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to JANE DOE (NAME REFUSED) personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be UNKNOWN POSITION / UNKNOWN AUTHORITY) thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | |
|---|---|---|---|---|
| Age: | Skin Color: | Gender: | Weight: | |
| Height: | Hair: | Eyes: | Relationship: | |
| Other PER CLIENT - SERVICE ACCEPTABLE | | | | |

Return of Service

Mohammed Fairouz (Pro Se)
108 WEST 15TH STREET 4C
NEW YORK, NY 10011

Long Island Process Servers Limited
PO Box 7567
Garden City, NY 11530
631-309-8256

Pursuant to NY CPLR § 2106. I affirm this 10 day of NOVEMBER, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**EXHIBIT A**

Fairouz et. al
vs.
Bennett Moving

164056/2025  FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A ALL READY MOVING & STORAGE
Motion No. 001

Page 6 of 8

6 of 8

FILED: NEW YORK COUNTY CLERK 11/12/2025 04:55 PM

NYSCEF DOC. NO. 19

INDEX NO. 164056/2025

RECEIVED NYSCEF: 11/12/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

14531220

Plaintiff / Petitioner:
Mohammed Fairouz and Michael Bembenek

Defendant / Respondent:
Bennett Moving and Storage d/b/a All Ready Moving & Storage

AFFIRMATION OF SERVICE

Index No:

164056/2025
Date Filed: October 30, 2025

I, Mathew Hazan affirm and say that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on November 07, 2025 AT 1:05 P.M. AT 307 Front Street, Hempstead, NY 11550 (40.70671045, -73.62301562) affirmant served the within Summons (Received Nov 5, 2025 at 6:24pm EST), Order to Show Cause -TRO (Received Nov 5, 2025 at 6:24pm EST) on Bennett Moving and Storage

☐ Individual: by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☒ Corporation/Agency: a defendant, therein named, by delivering a true copy of each to JOSE DOE personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be GENERAL MANAGER AND AUTHORIZED PERSON thereof.

☐ Suitable Person: by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ Affixing to Door: by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at
_____

☐ Mailing: Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____.

☐ Military Service: I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Description:
Age: LATE 40'S     Skin Color: BROWN     Gender: M     Weight: 170
Height: 5-05     Hair: GRAY     Eyes: BR     Relationship: GEN. MANAGER
Other: HISPANIC MALE, JOSE, SELF-IDENTIFIED AND IDENTIFIED BY CO-WORKERS AS GEN.. MANAGER AND AUTH. AGENT TO ACCEPT SRVC.

Return of Service

Long Island Process Servers Limited
PO Box 7567
Garden City, NY 11530
631-309-8256

Pursuant to NY CPLR § 2106. I affirm this 07 day of NOVEMBER, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

EXHIBIT
B

1 of 1

164056/2025   FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A ALL READY MOVING & STORAGE
Motion No. 001

Page 7 of 8

7 of 8

exists for prosecution is the province of the District Attorney's Office and the Grand Jury, not a civil trial court").

Accordingly, it is

ORDERED that plaintiffs' letter motion pursuant to CPLR 4403 to reject the report and recommendation in this action dated November 18, 2025, and published as 2025 N.Y. Misc. LEXIS 8846 is DENIED; and it is further

ORDERED pursuant to CPLR 4403 that the above report and recommendation is confirmed in full; and it is further

ORDERED that the clerk enter judgment in favor of defendant dismissing this action with prejudice.

This constitutes the Decision and Order of the Court.

| 11/24/2025 | | | | | |
|------------|---|---|---|---|---|
| **DATE** | | | | James d'Auguste, J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

164056/2025   FAIROUZ, MOHAMMED ET ANO vs. BENNETT MOVING AND STORAGE D/B/A ALL READY MOVING & STORAGE
Motion No. 001

Page 8 of 8

8 of 8

[* 8]